**REDACTED PURSUANT TO 18 U.S.C. § 3509(d)**

*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*TRACI J. WHELAN, ISB #4416*
*WENDY J. OLSON, CASB #150279*
*ASSISTANTS UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*205 N. FOURTH STREET, ROOM 306*
*COEUR D'ALENE, IDAHO 83814*
*TELEPHONE: (208) 667-6568*
*FAX: (208) 667-0814*

U.S. COURTS

JAN 1 8 2007

REC'D _____ FILED _____
CARL _____
CLERK, IDAHO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. ╠ **07-23**   **N-EJL** |
| ) | |
| Plaintiff, ) | INDICTMENT |
| ) | |
| -vs- ) | 18 U.S.C. §§ 1201(a)(1) and (g) |
| ) | 18 U.S.C. § 2241(c) |
| JOSEPH EDWARD DUNCAN, III, ) | 18 U.S.C. §§ 2251 (a) and (c) |
| ) | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) |
| Defendant. ) | 18 U.S.C. §§ 922(i) and 924(a)(2) |
| ) | 18 U.S.C. §§ 924(c)(1)(A)(ii), |
| ) | (c)(1)(B)(i) and (j)(1) |
| ) | 18 U.S.C. § 2312 |
| | 26 U.S.C. § 5861(d) |

The Grand Jury Charges:

## COUNT ONE
### Kidnapping Resulting in Death
### 18 U.S.C. §§ 1201(a)(1) and (g)

On or about May 16, 2005, in the District of Idaho, the defendant, **JOSEPH EDWARD**

**DUNCAN, III**, knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped,

abducted, carried away, and willfully transported D.G., who had not attained the age of 18 years,

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --1

to-wit: D.G. was nine years old, in interstate commerce from the State of Idaho to the State of

Montana, and held him for the purpose of sexually assaulting him, and otherwise, which resulted

in the death of D.G. **JOSEPH EDWARD DUNCAN, III**, was over the age of 18 years, to-wit:

**JOSEPH EDWARD DUNCAN, III**, was 42 at the time of the offense, and not a parent,

grandparent, brother, sister, aunt, uncle or individual having legal custody of D.G.; all in violation

of Title 18, United States Code, Sections 1201(a)(1) and (g).

### COUNT TWO
### Kidnapping
### 18 U.S.C. §§ 1201(a)(1) and (g)

On or about May 16, 2005, in the District of Idaho, the defendant, **JOSEPH EDWARD**

**DUNCAN, III**, knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped,

abducted, carried away, and willfully transported S.G., who had not attained the age of 18 years,

to-wit: S.G. was eight years old, in interstate commerce from the State of Idaho to the State of

Montana, and held her for the purpose of sexually assaulting her, and otherwise. **JOSEPH**

**EDWARD DUNCAN, III**, was over the age of 18 years, to-wit: **JOSEPH EDWARD**

**DUNCAN, III**, was 42 at the time of the offense, and not a parent, grandparent, brother, sister,

aunt, uncle or individual having legal custody of S.G.; all in violation of Title 18, United States

Code, Sections 1201(a)(1) and (g).

### COUNT THREE
### Aggravated Sexual Abuse of a Minor
### 18 U.S.C. § 2241(c)

On or about May 16, 2005, in the District of Idaho and elsewhere, the defendant, **JOSEPH**

**EDWARD DUNCAN, III**, having previously been convicted of rape in case number CR 57116,

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --2

Pierce County, State of Washington, which would have been a federal offense had it occurred in a

federal prison, crossed a state line from Idaho into Montana with the intent to engage in a sexual

act with D.G., a person who had not attained the age of 12 years, to-wit: D.G. was nine years old;

all in violation of Title 18, United States Code, Section 2241(c).

## COUNT FOUR
### Aggravated Sexual Abuse of a Minor
### 18 U.S.C. § 2241(c)

On or about May 16, 2005, in the District of Idaho and elsewhere, the defendant, **JOSEPH**

**EDWARD DUNCAN, III,** having previously been convicted of rape in case number CR 57116,

Pierce County, State of Washington, which would have been a federal offense had it occurred in a

federal prison, crossed a state line from Idaho into Montana with the intent to engage in a sexual

act with S.G., a person who had not attained the age of 12 years, to-wit: S.G. was 8 years old; all

in violation of Title 18, United States Code, Section 2241(c).

## COUNT FIVE
### Sexual Exploitation of a Child Resulting in Death
### 18 U.S.C. §§ 2251(a) and (e)

On or about and between May 16, 2005, and July 2, 2005, the exact dates being unknown

to the Grand Jury, in the District of Idaho and elsewhere, the defendant, **JOSEPH EDWARD**

**DUNCAN, III,** did employ, use, persuade, induce, entice and coerce D.G., a person under the age

of 18 years, to-wit: D.G. was nine years old, to engage in sexually explicit conduct, for the

purpose of producing visual depictions of such conduct, and did transport said minor in interstate

commerce with the intent that such minor engage in any sexually explicit conduct for the purpose

of producing any visual depiction of such conduct, knowing that such visual depictions would be

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --3

transported in interstate and foreign commerce, knowing that such visual depictions were produced using materials that have been mailed, transported, and shipped in interstate commerce, and knowing that such visual depictions had actually been transported in interstate commerce, to-wit: from Montana to Idaho and, in the course of committing this offense, **JOSEPH EDWARD DUNCAN, III,** did engage in conduct that resulted in the death of D.G.; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT SIX
### Felon in Possession of a Firearm
### 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

On or about and between May 16, 2005, and July 2, 2005, in the District of Idaho and elsewhere, the defendant, **JOSEPH EDWARD DUNCAN, III,** having previously been convicted of rape in case number CR 57116, Pierce County, State of Washington, a crime punishable for a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, to-wit: a Browning Arms 12-gauge shotgun, serial no. 751PR06861, which had been shipped and transported in interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SEVEN
### Using a Firearm During and in Relation to a Crime of Violence Resulting in Death
### 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(B)(i) and (j)(1)

On or about May 16, 2005 and between July 2, 2005, in the District of Idaho, the defendant, **JOSEPH EDWARD DUNCAN, III**, did knowingly carry and use a firearm, to-wit: a Browning Arms 12-gauge short-barreled shotgun, serial no. 751PR06861, with a barrel length of approximately 12 1/6 inches and an overall length of approximately 24 ½ inches, during and in

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --4

relation to a crime of violence for which he may be prosecuted in a court of the United States, that

is the crimes alleged in Counts One and Two of this Indictment which are realleged and

incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1),

and in the course of this violation caused the death of a person through the use of a firearm, which

killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant,

with malice aforethought, did unlawfully kill D.G. by shooting him with the firearm willfully,

deliberately, maliciously and with premeditation; all in violation of Title 18, United States Code,

Sections 924(c)(1)(A)(ii), (c)(1)(B)(i) and (j)(1).

## COUNT EIGHT
### Transportation of a Stolen Firearm
### 18 U.S.C. §§ 922(i) and 924(a)(2)

On or about and between April 22, 2005, and July 2, 2005, in the District of Idaho and

elsewhere, the defendant, **JOSEPH EDWARD DUNCAN, III,** did willfully transport in

interstate commerce, from the State of Missouri into the State of Idaho, a stolen firearm, to-wit: a

Browning Arms 12-gauge shotgun bearing serial number 751PR06861, knowing that it was

stolen; all in violation of Title 18, United States Code, Sections 922(i) and 924(a)(2).

## COUNT NINE
### Possession of an Unregistered Firearm
### 26 U.S.C. § 5861(d)

On or about and between May 16, 2005, and July 2, 2005, in the District of Idaho and

elsewhere, the defendant, **JOSEPH EDWARD DUNCAN, III,** knowingly possessed a firearm,

specifically a Browning Arms 12-gauge shotgun, bearing serial number 751PR06861, as modified

having an overall length of less than 26 inches and a barrel of less than 18 inches in length, to wit:

a shotgun with a barrel length of approximately 12 1/6 inches and an overall length of

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --5

approximately 24 ½ inches, not registered to him in the National Firearms Registration and

Transfer Record; all in violation of Title 26, United States Code, Section 5861(d).

## COUNT TEN
### Transportation of a Stolen Vehicle
### 18 U.S.C. § 2312

On or about and between April 27, 2005, and July 2, 2005, in the District of Idaho and

elsewhere, the defendant, **JOSEPH EDWARD DUNCAN, III,** did unlawfully transport in

interstate commerce a stolen motor vehicle, that is, a red 2005 Jeep Grand Cherokee Laredo, from

the State of Missouri to the State of Idaho, knowing the same to be stolen; all in violation of Title

18, United States Code, Section 2312.


## NOTICE OF SPECIAL FINDINGS

The Grand Jury repeats and realleges the accusations of this Indictment.

As to Count One, the defendant, **JOSEPH EDWARD DUNCAN, III**:

      a.    Was 18 years of age or older at the time of the offense, to-wit

            the defendant was 42 years old (18 U.S.C. § 3591(a));

      b.    Intentionally killed D.G. (18 U.S.C. § 3591(a)(2)(A));

      c.    Intentionally inflicted serious bodily injury that resulted in the death of

            D.G. (18 U.S.C. § 3591(a)(2)(B));

      d.    Intentionally participated in one or more acts, contemplating that the life of

            a person would be taken or intending that lethal force would be used in

            connection with a person, other than a participant in the offense, and D.G.

            died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --6

e.   Intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and D.G. died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D));

f.   Caused the death of D.G. during the commission of a violation of 18 U.S.C. § 1201 (kidnapping) (18 U.S.C. § 3592(c)(1));

g.   Has previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use of a firearm against another person, to-wit: rape in case number CR 57116, Pierce County, State of Washington (18 U.S.C. § 3592 (c)(2));

h.   Has previously been convicted of another state offense resulting in the death of a person, for which a sentence of life imprisonment was authorized by statute, to-wit: first-degree murder and first-degree kidnapping in case number CR F05-13674, Kootenai County, State of Idaho (18 U.S.C. § 3592 (c)(3));

i.   Committed the offense in an especially heinous, cruel, and depraved manner, in that it involved torture and serious physical abuse to D.G. (18 U.S.C. § 3592(c)(6));

j.   Killed D.G. after substantial planning and premeditation to cause the death of D.G. (18 U.S.C. § 3592(c)(9)); and

k.   His victim, D.G., was particularly vulnerable due to youth, to-wit: D.G. was nine years old (18 U.S.C. § 3592(c)(11)).

REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --7

As to Count Five, the defendant, **JOSEPH EDWARD DUNCAN, III**:

a.   Was 18 years of age or older at the time of the offense

(18 U.S.C. § 3591(a));

b.   Intentionally killed D.G. (18 U.S.C. § 3591(a)(2)(A));

c.   Intentionally inflicted serious bodily injury that resulted in the death of

D.G. (18 U.S.C. § 3591(a)(2)(B));

d.   Intentionally participated in one or more acts, contemplating that the life of

a person would be taken or intending that lethal force would be used in

connection with a person, other than a participant in the offense, and

D.G.died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

e.   Intentionally and specifically engaged in one or more acts of violence,

knowing that the act or acts created a grave risk of death to a person, other

than a participant in the offense, such that participation in such act or acts

constituted a reckless disregard for human life, and D.G. died as a direct

result of such act or acts (18 U.S.C. § 3591(a)(2)(D));

f.   Caused the death of D.G. during the commission of a violation of 18 U.S.C.

§ 1201 (kidnapping) (18 U.S.C. § 3592(c)(1))

g.   Has previously been convicted of another state offense resulting in the

death of a person, for which a sentence of life imprisonment was authorized

by statute, to-wit: first-degree murder and first-degree kidnapping in case

number CR F05-13674, Kootenai County, State of Idaho  (18 U.S.C.

§ 3592 (c)(3));

h.    Committed the offense in an especially heinous, cruel, and depraved manner, in that it involved torture and serious physical abuse to D.G. (18 U.S.C. § 3592(c)(6));

i.    Killed D.G. after substantial planning and premeditation to cause the death of D.G. (18 U.S.C. § 3592(c)(9));

j.    His victim, D.G., was particularly vulnerable due to youth, to-wit: D.G. was nine years old (18 U.S.C. § 3592(c)(11)); and

k.    Has previously been convicted of a crime of sexual assault, to-wit: rape in case number CR 57116, Pierce County, State of Washington (18 U.S.C. § 3592(c)(15)).

As to Count Seven, the defendant, **JOSEPH EDWARD DUNCAN, III**:

a.    Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

b.    Intentionally killed D.G. (18 U.S.C. § 3591(a)(2)(A));

c.    Intentionally inflicted serious bodily injury that resulted in the death of D.G. (18 U.S.C. § 3591(a)(2)(B));

d.    Intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and D.G. died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

e.    Intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other

than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and D.G. died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D));

f.     Caused the death of D.G. during the commission of a violation of 18 U.S.C. § 1201 (kidnapping) (18 U.S.C. § 3592(c)(1));

g.     Has previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use of a firearm against another person, to-wit: rape in case number CR 57116, Pierce County, State of Washington (18 U.S.C. § 3592 (c)(2));

h.     Has previously been convicted of another state offense resulting in the death of a person, for which a sentence of life imprisonment was authorized by statute, to-wit: first-degree murder and first-degree kidnapping in case number CRF05-13674, Kootenai County, State of Idaho  (18 U.S.C. § 3592 (c)(3));

i.     Committed the offense in an especially heinous, cruel, and depraved manner, in that it involved torture and serious physical abuse to D.G. (18 U.S.C. § 3592(c)(6));

j.     Killed D.G. after substantial planning and premeditation to cause the death of D.G. (18 U.S.C. § 3592(c)(9)); and

k.      His victim, D.G., was particularly vulnerable due to youth, to-wit: D.G. was

nine years old (18 U.S.C. § 3592(c)(11)).

DATED this /7th day of January, 2007.

_____
Grand Jury Foreperson
(Signed on Reverse)


THOMAS E. MOSS
United States Attorney


Traci J. Whelan
Assistant United States Attorney


Wendy J. Olson
Assistant United States Attorney


REDACTED PURSUANT TO 18 U.S.C. § 3509(d) --11