IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | MEMORANDUM ORDER |
| ) | Case No. CR07-23-N-EJL |
| vs. ) | |
| ) | |
| JOSEPH EDWARD DUNCAN, III, ) | |
| Defendant. ) | |
| _____) | |

Pending before the Court in the above-entitled matter are the Government's motion to continue trial and designate the case pursuant to 18 U.S.C. § 3509(j) and the Defendant's motion to continue trial.

**Discussion**

The indictment in this case was filed on January 18, 2007. (Dkt. No. 1). It charges the Defendant, Joseph Edward Duncan, III, with Kidnapping Resulting in Death, Kidnapping, two counts of Aggravated Sexual Abuse of a Minor, Sexual Exploitation of a Child Resulting in Death, Felon in Possession of a Firearm, Using a Firearm During and in Relation to a Crime of Violence Resulting in Death, Transportation of a Stolen Firearm, Possession of an Unregistered Firearm, and Transportation of a Stolen Vehicle. The charges relate to events occurring in northern Idaho between May of 2005 and July of 2005. The Government has filed a notice of intent to seek the death penalty (Dkt. No. 11) and capital counsel has been appointed by the Court. At the

MEMORANDUM ORDER - 1

Defendant's initial appearance the trial in this case was set for March 20, 2007. The parties have each filed motions to continue the trial with the Government requesting a four month continuance and the defense seeking an eighteen month continuance. In addition, the Government has moved the Court to designate this case as one of special importance pursuant to 18 U.S.C. § 3509(j) due to the fact that there is a child victim involved who is likely to be called to testify in these proceedings. The Court held a hearing on the motions and orally granted the motions to continue and indicated that a written decision would be issued resetting the trial date and as to the Government's request for a § 3509(j) designation. Having heard the arguments of counsel and parties' briefing, supporting affidavits, and the entire record herein, the Court issues the following order.

**Analysis**

I.  Designation 18 U.S.C. § 3509(j):

The Government has asked that the Court designate this case as one of special importance under 18 U.S.C. § 3509(j) to ensure the trial in this case proceed timely so as to minimize the length of any continuance in order to protect the interests of the child victim in this matter. The defense acknowledges that § 3509(j) may become one factor for the Court to consider in this case, but argues that it does not trump the Defendant's Sixth Amendment right to effective assistance of counsel.

Section 3509(j) states:

> (j) Speedy trial.--In a proceeding in which a child is called to give testimony, on motion by the attorney for the Government or a guardian ad litem, or on its own motion, the court may designate the case as being of special public importance. In cases so designated, the court shall, consistent with these rules, expedite the proceeding and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process. When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being. The court shall make written findings of fact and conclusions of law when granting a

continuance in cases involving a child.

"The legislative history reveals that Congress intended to give the trial court a 'tool' to expedite the pretrial and trial process 'in the interests of protecting the best interests of child victims and witnesses in a specific case.' Thus, the presence of a child victim or witness is but one *factor* that the court must take into consideration when confronted with a motion for a continuance." United States v. Broussard, 767 F.Supp. 1536, 1544 (D.Or. 1991) (citing Congressional News, P.L. 101-647; H.R. 8754, October 3, 1990; H.R. 13295, October 27, 1990) (emphasis in original). In the Broussard case, the District Court of Oregon noted that "[e]qually important is what this provision does *not* say. It does not provide specific dates, or require the court to set trials during school vacations. It further does *not* provide that the presence of a child witness will in anyway diminish the deference given to criminal defendants who seek continuances based upon a well-reasoned need for additional time to serve the 'ends of justice,' under § 3161(h)(8)(A)." Id. (emphasis in original). The Broussard court went on to determine that "The impact of this statute is limited and two-fold: first, it provides that the court must consider the presence of a child victim or witness when considering a motion for a continuance or any other action that might affect the Speedy Trial Act; and second, the court must give child abuse cases priority over other criminal cases." Id.

The Government in this case relies heavily on Broussard where the court was faced with multiple defendants charged in a thirty-count indictment with one count of conspiracy to deprive others of constitutional rights and twenty-nine counts of involuntary servitude all of which involved child victims. The Government in that case filed a motion for a speedy trial to be held during the children's summer vacations and a designation of the case under § 3509(j). The court determined § 3509(j) was constitutional, did not infringe upon the defendants' Sixth Amendment rights to

MEMORANDUM ORDER - 3

adequately prepare for trial, and applicable to the case but deferred actual designation to a later date. Id. So too here, the Government has sought a trial date of July of 2007 to correlate to the child victim's summer vacation and to cause the least disturbance to the child victim as possible. The defense argues that this designation may be premature and unnecessary as it is not yet determined whether this case presents a situation where the child victim will be called to give testimony. (Dkt. No. 24, p. 11).

Having reviewed the record and the parties' arguments, the Court agrees that this case qualifies for special designation under § 3509(j). The defense's argument that the child victim may, in the end, not be required to testify, is not compelling given the nature of the charges and counsels' representations regarding the facts of the case. Though it may be an outside possibility that the child victim will not have to testify, the likelihood is to the contrary. The Court will consider the interests of child victim in this case as one factor in considering the parties respective motions to continue. Broussard, 767 F.Supp. at 1544. ("the presence of a child victim or witness is but one factor that the court must take into consideration when confronted with a motion for a continuance").

II.  Motions to Continue:

   A.  Speedy Trial Act Factors

The speedy trial act requires that a criminal case be brought to trial within seventy days of a defendant's initial appearance in court unless one of the listed exceptions applies to exclude a period of delay from the seventy-day calculation. See 18 U.S.C. § 3161(c), (h). One such exception is found in § 3161(h)(8) which provides for a continuance where "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In determining whether a "ends of justice" continuance is warranted, the

Court must make specific findings regarding the factors applicable to the particular case that justify the continuance.  See Zedner v. United States, 126 S.Ct. 1976, 1985 (2006).  Section 3161(h)(8)(B) lists four factors, among others, which courts are to consider in determining whether to grant a continuance based on the ends of justice.

Here, the defense argues a continuance is warranted because failure to do so would result in a miscarriage of justice (18 U.S.C. § 3161(h)(8)(B)(i)) and because this case is so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself (18 U.S.C. § 3161(h)(8)(B)(ii)).  These arguments are buttressed by the defense's contentions regarding the Sixth Amendment obligations imposed on defense counsel in this capital case.  See Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510, 524 (2003); Strickland v. Washington, 466 U.S. 668 (1984).  The defense further notes that not providing adequate time to prepare and meet their duties in this case may ultimately result in prolonging the case if the results at this stage are later reversed on appeal.  Accordingly, the defense requests a continuance to August of 2008.  On the other hand, the Government argues the ends of justice require a "brief" continuance to July of 2007 in order to allow the parties to submit pretrial motions, exchange and review discovery, and prepare the matter for trial.

There is no dispute that the ends of justice demand the trial date be continued in this matter to afford the parties time to review discovery, investigate the case, file motions, and prepare for trial. Based upon the record and the representations of counsel, the Court finds a continuance is necessary in this matter in order to allow counsel time to investigate the case and prepare for trial.  The Court finds that the failure to grant a continuance in this case would result in a miscarriage of justice and the complexities of the case and the nature of the prosecution justify granting the motions to

continue.  18 U.S.C. § 3161(h)(8)(B)(i), (ii).  The number and severity of the charges alone justify continuing the trial.  In addition the fact that this is a capital case imposes extensive duties upon defense counsel which necessarily will require additional time for counsel to review, investigate, and prepare its defense.  The question debated by the parties is how long of a continuance should be granted.

      B.      <u>Trial Setting</u>:

The defense position for a more lengthy continuance is based mainly upon the need for time to meet the Sixth Amendment duties imposed upon them in this case.  The Government maintains that a four month continuance is sufficient.  Any further extension, the Government argues, would unduly impact the child victim and is unnecessary given "the substantial pre-indictment involvement of lead defense counsel" in this matter.

The Court finds that trial setting sought by the defense is lengthier than necessary and would unduly burden the child victim.  The events making up the charges in this case occurred two years ago and involve traumatic events to which the child victim is an essential witness.  These events have left the child victim without the support of family members who were also victims of these events.  In addition, the child victim's father suffers from an advanced form of cancer and may, in the future, be unable to provide support to the child victim.[1]  The Government has offered supporting affidavits of specialists, school officials, and the guardian ad litem appointed in this case which discuss the impact the ongoing criminal proceedings have had on the child victim and the need for resolution of these proceedings.  The Court has considered the impact of a continuance upon the child victim in this case and concludes that the Defendant's suggestion of an eighteen month

---

[1] To the extent it becomes necessary, the Court suggests that it may be appropriate for the testimony of Mr. Steven V. Groene to be taken by video deposition.

MEMORANDUM ORDER - 6

continuance for the commencement of this trial is too long. In particular, the Court has contemplated the child's age, the length of time the criminal proceedings have been pending, and the overall impact of these events upon the child. The Court, however, must also consider the demands upon the defense to satisfy the Sixth Amendment and concludes the Government's requested continuance is too short. The tasks required of defense counsel in this case are extensive given this, unlike the Broussard case upon which the Government relies, is a capital case and became so only recently.

Here, the indictment was file on January 18, 2007. On January 23, 2007 the Government filed its notice to seek the death penalty. On January 26, 2007 the Court appointed capital counsel to represent the Defendant in this action. On that same day, the Government delivered to the defense approximately 33,000 pages of discovery, numerous compact-discs which contain further discovery, and a list of items of physical evidence maintained in the Boise FBI office. A second batch of discovery was provided by the Government on February 16, 2007 in the form of compact discs which contain an additional 2,500 pages of discovery and audio, photo, and video discovery. On March 7, 2007 the Government provided more compact discs containing 8,000 pages of additional discovery.[2]

Because this is a capital case, counsel for the Defendant have substantially greater obligations and responsibilities to conduct investigation and discovery in preparation for not only the guilt phase of this case but also any potential penalty phase. See Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510, 524 (2003); Strickland v. Washington, 466 U.S. 668

---

[2] The parties' representations of the pages of discovery disclosed so far in this case vary slightly between their briefing and argument. Regardless of the exact amount of discovery pages, the discovery in this case is voluminous.

MEMORANDUM ORDER - 7

(1984). At the guilt stage, the defense must undertake a review of the discovery materials, conduct an independent investigation, and prepare for trial on the ten charges the Defendant faces. Regardless of whether this case turns out to be a factually complex case, given the severity of the charges and the amount of discovery already disclosed in this case, this process will require some time to complete.

In addition, defense counsel must also pursue extensive discovery and investigation to prepare for the possible penalty phase of this case, which includes preparation for presenting mitigation evidence and rebutting the Government's presentation of aggravating circumstances. Such an investigation will be somewhat more difficult in this case given the Defendant has traveled throughout the country and has been charged with serious crimes in other states. Though true, as the Government points out, the Defendant has spent a great deal of time in custody, the defense is still faced with a daunting task in terms of the work required of it by the Sixth Amendment to adequately prepare to defend the Defendant. As noted previously, this case did not become a death penalty case until January 23, 2007 when the Government filed its notice of intent to seek the death penalty; and it was only thereafter, on January 26, 2007, that capital counsel could be appointed. (Dkt. Nos. 11, 16). Setting a trial in a capital case a mere six months from the dates of the indictment, death penalty notice, and appointment of capital counsel does not allow the defense sufficient time to conduct the necessary discovery, investigation, and preparation required of it.

The Government maintains that the involvement of lead defense counsel prior to the indictment being filed in this case justifies a shorter continuance. The parties hotly dispute the level of involvement that lead defense counsel had prior to the indictment being filed. The defense challenges the Government's position by pointing out that much of the delay bringing this case to

MEMORANDUM ORDER - 8

its resolution is due to the Government's decision regarding when to file the indictment in this matter. The Court does not take issue with the Government's decision as to when to file the charges in this matter; that is a matter left to the discretion of the Government. Regardless, the fact remains that this case was not filed until January 18, 2007 and did it become a capital case until January 23, 2007; making it impossible for the defense to expend any funds for investigation, experts, or the like until that time. As such the Court disagrees with the Government's argument that lead defense counsel's involvement was such that a four month continuance is sufficient. Though defense counsel may have been privy to much of the proceedings in the state case, that does not equate to having been able to review discovery and conduct the investigations necessary to prepare its defense to the charges in this case. However, the Court also disagrees with the defenses' position that it is starting from ground zero in terms of familiarizing itself with the case and that eighteen months are necessary for the defense to prepare. It is undoubtedly true that whatever involvement lead defense counsel had prior to the charges being filed here will be valuable in assisting the defense in preparation of the case. Simply being affiliated to the state case and having access to the Defendant are invaluable in pursuing the preparation required for this case.

Having considered all of the foregoing, the Court will set the date of trial to begin Tuesday, January 22, 2008 at 9:30 a.m. in Boise, Idaho. This date provides the defense with approximately one year from the date the indictment was filed to review the discovery, conduct the necessary investigations, and prepare its defense. Though the discovery is extensive, the defense has three experienced attorneys working on the case and has had some time to begin its work on the case. Therefore, the Court finds the amount of time provided by the January 22, 2008 trial setting is sufficient for defense counsel to satisfy its duties under the Sixth Amendment. However, the date

MEMORANDUM ORDER - 9

is not so lengthy so as to cause any more impact on the child victim than is necessary. In addition, because the Court anticipates that selection of a jury may be somewhat difficult in this case due to its publicity and the fact that it is a capital case, the Court has also factored in the difficulty it would have if this case were tried on or during holiday time frames. Counsel is advised that this trial setting will not be continued absent a showing of extreme circumstances. Any and all pretrial motions shall be filed on or before November 5, 2007. The Court will hold periodic status conferences with the first to occur on Monday, April 23, 2007 at 10:30 a.m. in Boise, Idaho.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **GRANTS IN PART AND DENIES IN PART** the motions for a continuance (Dkt. Nos. 22, 24). The Court grants the Government's request for special designation under 18 U.S.C. § 3509(j). The parties motions for a continuance of trial date are granted. The motions to continue are denied as to the lengths of continuances requested.

IT IS HEREBY ORDERED that the March 20, 2007 trial date is **VACATED** and **RESET** for **Tuesday, January 22, 2008** at 9:30 a.m. in Boise, Idaho. Any and all period of delay resulting from this continuance, from the date of the filing of the motions to continue until the rescheduled trial date, shall be excludable time pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(i), (iv).

IT IS FURTHER ORDERED that a status conference in this case shall be held on Monday, April 23, 2007 at 10:30 a.m. in Boise, Idaho.

IT IS FURTHER ORDERED that the following schedule shall control the filing of pretrial motions and other pretrial matters. Motions for extensions of time will only be considered in extreme circumstances:

1) Any and all pretrial motions shall be filed on or before **Monday, November 5, 2007**. Responses to said motions shall be filed on or before **Monday, November 19, 2007**. Any reply shall be filed on or before **Monday, November 26, 2007**. If the Court determines a hearing is necessary on the motions, such hearing shall be set for the week of **December 3, 2007** in Boise, Idaho.

2) The Court will issue a more detailed order regarding trial proceedings closer to the date of trial.

DATED: **March 22, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 11