IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | MEMORANDUM ORDER |
| | ) | Case No. CR07-23-N-EJL |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter is a second motion to continue trial filed by the Defendant and the Government's motion to set deadlines. The parties submitted briefing on the motions and the Court heard oral argument on the matter on October 12, 2007. Following the argument the Court issued an oral ruling on the matter denying the motion to continue and granting the motion to set deadlines. The Court reserved the right to issue written findings on the motions which the Court now does in this order.

**Discussion**

The indictment in this case was filed on January 18, 2007. (Dkt. No. 1). It charges the Defendant, Joseph Edward Duncan, III, with Kidnapping Resulting in Death, Kidnapping, two counts of Aggravated Sexual Abuse of a Minor, Sexual Exploitation of a Child Resulting in Death, Felon in Possession of a Firearm, Using a Firearm During and in Relation to a Crime of Violence Resulting in Death, Transportation of a Stolen Firearm,

MEMORANDUM ORDER - 1

Possession of an Unregistered Firearm, and Transportation of a Stolen Vehicle. The charges relate to events occurring in northern Idaho between May of 2005 and July of 2005. The Government has filed a notice of intent to seek the death penalty (Dkt. No. 11) and capital counsel has been appointed by the Court. At the Defendant's initial appearance the trial in this case was set for March 20, 2007. Thereafter the parties both filed motions to continue the trial date. The Court issued an order designating this case as one of special importance under 18 U.S.C. § 3509(j) and setting a trial date for January 22, 2008. (Dkt. No. 32).

**Analysis**

I.    Defendant's Motion to Continue:

In the Court's previous order setting the trial date, the Court amply detailed its reasoning for setting the January, 2008 trial date.[1] (Dkt. No. 32). There, the Court considered the factors set forth in the Speedy Trial Act, 18 U.S.C. § 3161, the Sixth Amendment demands upon counsel, the impact on the child victim, and the overall nature of this case. The Court acknowledged the severity of the charges and potential penalty in addition to the task of investigating and preparing the case imposed upon counsel. The Court took none of these factors lightly in setting the trial date and made clear that "this trial setting will not be continued absent a showing of extreme circumstances." (Dkt. No. 32).

The second motion to continue raised many of the same arguments addressed previously by the Court regarding the need for more time to investigate, the Sixth

---

[1] The Court expressly incorporates its previous decision to the reasoning expressed in this order.

MEMORANDUM ORDER - 2

Amendment, and the nature and severity of the charges.  In addition, the defense argues extraordinary and emergency circumstances have arose as to the defense teams ability to investigate and prepare its defense in this case.  This argument has mainly to do with the need for one of the defense counsel to take a reduced roll in his representation of the Defendant in this matter. [2]  The Court is aware of the issue surrounding this issue and has appointed an additional attorney to help represent Mr. Duncan in this matter.  In doing so, the Court specifically advised defense counsel that new counsel was to be advised of the trial date and that the date would not be moved.[3]  See Private v. French, 459 F.Supp.2d 1305, 1342 (N.D.Ga. 2006) ("The Supreme Court has expressly refused 'to fashion a per se rule requiring reversal of every conviction following tardy appointment of counsel.'") (quoting Chambers v. Maroney, 399 U.S. 42, 54 (1970)).   The argument that a continuance is necessary to avoid ineffective assistance of counsel is further unpersuasive given the number and experience level of the attorneys appointed in this case.  It would be difficult if not

---

[2] The Court's previous order (Dkt. No. 32) addressed the involvement of counsel in the state proceeding as a factor in the decision of when to set the trial date: "Though defense counsel may have been privy to much of the proceedings in the state case, that does not equate to having been able to review discovery and conduct the investigations necessary to prepare its defense to the charges in this case.  However, the Court also disagrees with the defenses' position that it is starting from ground zero in terms of familiarizing itself with the case and that eighteen months are necessary for the defense to prepare.  It is undoubtedly true that whatever involvement lead defense counsel had prior to the charges being filed here will be valuable in assisting the defense in preparation of the case.  Simply being affiliated to the state case and having access to the Defendant are invaluable in pursuing the preparation required for this case."

[3] In this motion the defense repeatedly asserted that one of their team had "withdrawn" from this case.  Such assertions are in error.  The Court appointed an additional attorney to the defense team.  The motion to withdraw filed later has been denied.  Roger Peven was privy to much of the proceedings in the State case and while he will take a less active role in this case, he has been specifically left on as counsel so that the defense team has access to his knowledge and information and avoid any attorney-client privilege issues.

MEMORANDUM ORDER - 3

impossible to find a capital case in this jurisdiction, either State or Federal, where a defendant was represented by this number of defense counsel with the experience or expertise as is present in this case. In addition, the Court has held regular status conferences to keep this case on track and the Court has emphasized at each of these conferences the importance of securing experts and alerting those experts to the trial date to avoid conflicts with their calendars. The Government has filed notices of several experts all of whom are planning their schedules, as is the Court, for the January, 2008 trial date.

Defense counsel has argued that the discovery and investigation in this case require more time in order for counsel to properly prepare; pointing primarily to the constitutional requirements imposed on counsel due to the fact that this is a capital case. The Court disagrees. "Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel," Private v. French, 459 F.Supp.2d 1305, 1342 (N.D.Ga. 2006) (quoting Morris v. Slappy, 461 U.S. 1, 11 (1983). The length of time to prepare, in and of itself, is not per se prejudicial. Private, 459 F.Supp.2d at1342 (citing cases).[4] Further, the investigation demanded of the defense in a criminal case is not one that leaves no stone unturned but,

---

[4] United States v. Cronic, 466 U.S. 648, 649, 666 & n. 41 (1984) (no presumption of prejudice when counsel had twenty-five days to prepare to defend complex mail fraud charges); Avery v. Alabama, 308 U.S. 444 (1940) (counsel was not per se ineffective where appointment in a capital case occurred only three days before trial, and trial court denied counsel's request for additional time to prepare); Conklin v. Schofield, 366 F.3d 1191, 1202 (11th Cir. 2004) (no presumption of prejudice where defense counsel had thirty-seven days to prepare for capital case); Glover v. Miro, 262 F.3d 268, 271-72, 278-79 (4th Cir. 2001) (no presumption of prejudice when counsel received defendant's file only two days before trial); United States v. Lacy, 446 F.2d 511, 512 (5th Cir. 1971) (defendant was not denied effective assistance where counsel was appointed seven days before the beginning of his trial, and counsel did not seek a continuance in order to have more time to prepare for trial).

instead, requires defense counsel to conduct a reasonable investigation. See Berryman v. Morton, 100 F.3d 1089, 1101 (3rd Cir. 1996) ("The right to counsel does not require that a criminal defense attorney leave no stone unturned and no witness unpursued..., however, ... it does require a reasoned judgment as to the amount of investigation the particular circumstances of a given case require. An attorney need not fully investigate every potential avenue if he or she has reasonable grounds for not doing so.") (citation omitted). "In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. (citing Strickland v. Washington, 466 U.S. 668, 690-691 (1984). Though true that in capital cases the seriousness of the charges heightens the responsibilities of counsel, the Court finds that defense counsel here are extremely skilled and able to satisfy these constitutional standards in this case in the time frame designated in this case.

This is particularly true in light of the great number of resources afforded to defense counsel in capital cases that can be utilized in satisfying these constitutional standards; one of which is the use of investigators to explore facts, discovery, and investigate mitigation evidence. While counsel should utilize their own techniques in preparing a case of this nature, counsel must employ the resources at their disposal to investigate and prepare this matter as diligently and efficiently as possible. Employing the services of these investigators is paramount in order to allow counsel to focus their efforts on preparing the case and is the most efficient use of funding.

The Court set the date of trial approximately one year from the date of the indictment.

MEMORANDUM ORDER - 5

This trial setting is reasonable given the many countervailing interests involved such as the public and victims' interests in resolving the matter given that the alleged events occurred in the late spring of 2005 and the Defendant's interest in effective representation. The Court carefully balanced the rights of the alleged victim, the Sixth Amendment rights of the Defendant, and the interests of the public in having this matter resolved in a timely manner. The Court recognizes and took into consideration the heavy burden counsel have in preparing for a case of this nature but suggesting an ineffective assistance of counsel argument is premature at this juncture and unsupported in the record.[5]

This case does not appear to be a factually complex matter.[6] This is not a multi-defendant case nor a case presenting complicated schemes or conspiracies. The allegations of the indictment are straightforward as to the alleged crimes. The defense, however, argues instead that the mitigation investigation is complex given the Defendant's history and background; noting the multiple residences and correctional institutions in which he has resided. The Defendant has been confined for a substantial portion of his life. The fact that

---

[5] As stated in the Court's previous order (Dkt. No. 32): Because this is a capital case, counsel for the Defendant have substantially greater obligations and responsibilities to conduct investigation and discovery in preparation for not only the guilt phase of this case but also any potential penalty phase. See Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510, 524 (2003); Strickland v. Washington, 466 U.S. 668 (1984).

[6] Though counsel argued at the hearing on this motion that the Court had deemed this a complex case, a careful reading of the Court's previous order reflects that no such determination was made. (Dkt. No. 32). In that order the Court did acknowledge that there are "complexities" in this case but it did not deem the case to be complex.

MEMORANDUM ORDER - 6

he was moved to and from different institutions does not mean that his records are unavailable to the defense team.

Having considered the arguments of counsel, the Court finds the January, 2008 trial date is appropriate. The date is approximately one year from the date the indictment was filed. Though the discovery is extensive, the defense has three experienced attorneys working full-time on the case. Therefore, the Court finds the amount of time provided by the January, 2008 trial setting is sufficient for defense counsel to satisfy its duties under the Sixth Amendment. However, the date is not so lengthy so as to cause any more impact on the child victim than is necessary. In addition, because the Court anticipates that selection of a jury may be somewhat difficult in this case due to its publicity and the fact that it is a capital case, the Court has also factored in the difficulty it would have if this case were tried on or during holiday time frames or in the summer months. Counsel is advised that this trial setting will not be continued absent a showing of extreme circumstances. Subsequent to the court's hearing on this motion the Court continued the trial to January 28, 2007 due to scheduling concerns.

II.     Motion to Set Deadlines:

The Government has also filed a motion to set expert disclosure deadlines. The Court considered the motion in conjunction with the arguments made on the motion to continue and granted the motion. The Court set November 5, 2007 as the deadline for the defense to file its notice of intent to use expert witnesses under Federal Rule of Criminal Procedure 12.2. The Court further orders the parties to comply with the requirements for expert witness

MEMORANDUM ORDER - 7

summarys as directed in Federal Rule of Criminal Procedure 16.

## ORDER

Based on the foregoing and being fully advised in the premises, IT IS HEREBY ORDERED that the motion for a continuance (Dkt. No. 74) is **DENIED**. The trial remains set for **Monday, January 28, 2008** at 9:30 a.m. in Boise, Idaho.

IT IS FURTHER ORDERED that the Government's motion to set deadlines (Dkt. No. 82) is **GRANTED**.

IT IS FURTHER ORDERED that, as previously ordered, the following schedule shall control the filing of pretrial motions and other pretrial matters. Motions for extensions of time will only be considered in extreme circumstances:

1) Any and all pretrial motions shall be filed on or before **Monday, November 5, 2007**. Responses to said motions shall be filed on or before **Monday, November 19, 2007**. Any reply shall be filed on or before **Monday, November 26, 2007**. If the Court determines a hearing is necessary on the motions, such hearing shall be set for the week of **December 3, 2007** in Boise, Idaho.

2) The Court will issue a more detailed order regarding trial proceedings closer to the date of trial.

DATED: **November 19, 2007**

Honorable Edward J. Lodge
U. S. District Judge