IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | MEMORANDUM ORDER |
| | ) | Case No. CR07-23-N-EJL |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are motions to continue filed by each side as to the date for commencement of the penalty phase proceedings in this matter. The parties have filed responsive briefing and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

The indictment in this case was filed on January 18, 2007. (Dkt. No. 1). It charges the Defendant, Joseph Edward Duncan, III, with Kidnapping Resulting in Death, Kidnapping, two counts of Aggravated Sexual Abuse of a Minor, Sexual Exploitation of a Child Resulting in Death, Felon in Possession of a Firearm, Using a Firearm During and in Relation to a Crime of Violence Resulting in Death, Transportation of a Stolen Firearm, Possession of an Unregistered Firearm, and Transportation of a Stolen Vehicle. The charges relate to events occurring in northern Idaho between May of 2005 and July of 2005. The Government filed a notice of intent to seek the death

MEMORANDUM ORDER - 1

penalty (Dkt. No. 11) and capital counsel was appointed by the Court. At the Defendant's initial appearance the trial in this case was set for March 20, 2007. The parties each filed motions to continue the trial with the Government requesting a four month continuance and the defense seeking an eighteen month continuance. In addition, the Government moved the Court to designate this case as one of special importance pursuant to 18 U.S.C. § 3509(j) due to the fact that there was a child victim involved who was likely to be called to testify. The Court held a hearing on the motions and moved the trial date to January 22, 2008; which was subsequently moved to January 28, 2008.

On December 3, 2007, the Defendant entered pleas of guilty to all counts of the indictment and January 28, 2008 was set as the date to begin the penalty phase. Thereafter, the parties filed the instant motions to continue the date for commencement of the penalty phase and to continue the date for hearings on pretrial motions. The Government asks that the penalty phase begin on April 7, 2008 and the defense has requested that it begin on September 15, 2008. Both parties seek to have the hearing on the pretrial motions to be continued to January of 2008.

## Analysis

For the most part the arguments of counsel are the same as those previously made to the Court on this issue, centering on fairness, equity, the ends of justice, judicial resources, and the like. The Government acknowledges that a continuance is warranted but disputes the necessity for the length of time requested by the Defendant. The defense argues a continuance is necessary to avoid a miscarriage of justice and to allow defense counsel sufficient time to investigate; pointing to the enhanced duties of counsel in this capital case and the complexities of the possible mitigation information. The record on these arguments is clear and has been thoroughly analyzed and discussed previously by the Court and counsel. In taking up the instant motions the Court has yet

MEMORANDUM ORDER - 2

again considered each and every one of the arguments raised by both parties in deciding whether to grant the requested continuance and, if so, the length of that continuance. Having done so and in light of the recent events in this case, the Court finds that the ends of justice warrant a continuance of the date set for commencement of the penalty phase proceedings to afford the parties a sufficient and reasonable amount of time to review discovery, conduct investigations, and prepare for the next phase of this case. The length of the continuance is disputed and discussed below.

One factor in setting the original January 2008 trial date was based on the Court designating this case as one of special importance under 18 U.S.C. § 3509(j). United States v. Broussard, 767 F.Supp. 1536, 1544 (D.Or. 1991). The parties have now arrived at an agreement which makes the child victim's testimony unnecessary. The Government and the Guardian *Ad Litem* both acknowledge that the child victim will benefit from no longer having to testify but caution that a lengthy continuance will still impact both the child victim and the other family members by delaying final resolution of this matter. In light of the parties' agreement removing the need for the child victim to testify, the Court agrees that the special designation under § 3509(j) is no longer applicable. However, the detrimental impact another extended continuance and further delay will pose to the child victim and the family members of all of the victims is a relevant factor for the Court to consider in determining the length of the continuance. Likewise, the public's interest in having this matter resolved in a timely fashion is a relevant consideration.[1]

The defense position advocating a more lengthy continuance is based mainly upon the need for time to meet the Sixth Amendment duties imposed upon them in this case; marching out once

---

[1] Often forgotten in matters such as this is the public's interest in an efficient and timely resolution of criminal matters. See 18 U.S.C. § 3161(h)(8)(A). While the Defendant's plea negates the demands of the Speedy Trial Act in this case, the public's interest that is recognized in the Speedy Trial Act still exists and is relevant for the Court's consideration.

MEMORANDUM ORDER - 3

again the Sixth Amendment responsibilities of defense counsel in this capital case.  The Court has again considered the Sixth Amendment's greater obligations and responsibilities upon defense counsel to conduct investigation and discovery in preparation for the penalty phase, which includes preparation for presenting mitigation evidence and rebutting the Government's presentation of aggravating circumstances.  See Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510, 524 (2003); Strickland v. Washington, 466 U.S. 668 (1984).  The defense notes, and the Court has considered, that such an investigation will be somewhat more difficult in this case given the Defendant has traveled throughout the country and has been charged with serious crimes in other states.  The Court also finds compelling the Government's point that the Defendant has spent a great deal of time in custody and those records were provided to the defense some time ago.  The defense counters that although the records have been provided, it is obligated to conduct its own investigation.  The seriousness of this case is not lost on the Court.  Though this is a capital case imposing substantial duties upon defense counsel, the obligations of counsel are not limitless.  The Defendant's guilty plea narrows the nature of these proceedings, allowing the parties the opportunity to focus their time and resources more effectively on preparing for the penalty phase proceeding.

The defense continues to argue that unavoidable hurdles have caused delays in their ability to conduct the necessary investigations and secure funding; placing blame for their alleged unpreparedness upon not only Mr. Peven but also with the Court.  The Government disputes the defense's recitation of the background in this case.  The Court too takes issue with the defense's characterizations of these proceedings.  The record, however, speaks for itself.

MEMORANDUM ORDER - 4

From the beginning of this case the Federal Defenders of the Eastern District of Washington assumed responsibility for the costs of the defense.[2]  Thomas Monaghan, of the Federal Defenders of Idaho, has devoted the great majority of his time in the defense of this case since the indictment was filed.  Capital Defense Counsel was appointed on January 26, 2007 immediately after the Government filed its Notice of Intent to Seek the Death Penalty.  For the defense to continue to argue that it has been so hamstrung by the personal issues of Mr. Peven that they are still unprepared to go forward in this matter any earlier than next fall indicates either a lack of diligence or gamesmanship on the part of the defense.  Regardless of the reason, the Court is confident in the defense team's ability to provide competent and quality representation to the Defendant in this matter in the time frame set forth in this order.  The issues surrounding Mr. Peven have been utilized to their fullest by the defense and do not justify further basis for delay.  This issue is closed.

In addition to the other relevant factors, the Court has contemplated the length of time the criminal proceedings have been pending and the number and severity of the charges to which the Defendant has plead guilty.  The indictment was file on January 18, 2007.  On January 23, 2007 the Government filed its notice to seek the death penalty.  On January 26, 2007 the Court appointed Capital Counsel to represent the Defendant in this action.  On that same day, the Government began delivering voluminous discovery to the defense.

Based on all of the foregoing, the Court will set the date to begin the penalty phase proceedings for Monday, April 14, 2008 at 9:30 a.m. in Boise, Idaho.  This date provides the parties with approximately five months from the date of the plea to complete their preparations for the

---

[2]  The defense notes in their motion for a continuance (Dkt. No. 193) that the funding of this case has since been transferred to the Federal Defenders of San Diego.  At the time of this transfer of financial responsibilities, the Court was not privy to the funding problems raised by counsel beyond the information provided in record.  (Dkt. Nos. 33, 40, 69,70)

MEMORANDUM ORDER - 5

penalty phase.  Each side has three experienced attorneys working full-time on the case.  The amount of time provided by the April 14, 2008 setting is reasonable and sufficient for all counsel to satisfy their constitutional obligations in this matter.  The Court advises all parties that this setting will not be continued.

The purpose of setting a firm date did not originate with this case.  Adhering to a firm date is the most practical way of getting all of the various parties, personnel, witnesses, and the like focused and organized on a given date.  As the Court has repeatedly counseled the parties in this case, they need to secure their experts and assure that those experts are available on the dates set by the Court.  In this Court's experience, repeatedly moving calendering dates results in delays and problems in securing experts and other witnesses.  In addition, the Court has to bring in other judges to cover the Court's own calendar, the United States Marshall's Service has made arrangements to accommodate the increased security issues of this case, and the Clerk's Office and Jury Commissioner have increased obligations that are time sensitive and require advanced planning in order to send out summons for a larger number of prospective jurors.  The Court has always been consistent in maintaining a firm date certain for any proceeding, such as this, that demands more from judicial resources than usual.  While there are certainly situations that necessitate calendaring changes, such as the Defendant's change of plea in this case, those situations are extremely limited. Counsel shall prepare accordingly.

MEMORANDUM ORDER - 6

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **GRANTS IN PART AND DENIES IN PART** the motions for a continuance (Dkt. Nos. 192, 193).  The Penalty Phase Proceedings set for January 28, 2008 are **VACATED** and **RESET** to begin on **Monday, April 14, 2008 at 9:30 a.m. in Boise, Idaho**.

IT IS FURTHER ORDERED that the December 17, 2007 hearing on pretrial motions is **VACATED AND RESET** for **Tuesday, January 22, 2008 at 9:30 a.m. in Boise, Idaho**.

The Government's Motion to Dismiss Certain Motions as Moot (Dkt. No. 199) is **UNDER ADVISEMENT**.  The Defense is directed to file any responsive briefing on or before **December 17, 2007,** and the Government shall file any reply briefing on or before **December 21, 2007**.

DATED:  **December 12, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 7