*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*TRACI J. WHELAN*
*WENDY J. OLSON*
*ASSISTANTS UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA IV, SUITE 600*
*800 PARK BOULEVARD*
*BOISE, IDAHO 83712-9902*
*TELEPHONE: (208) 334-1211*
*FAX: (208) 334-1038*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CR No. 07-023-N-EJL |
| Plaintiff, | ) |
| | ) GOVERNMENT'S |
| vs. | ) MEMORANDUM IN SUPPORT OF |
| | ) ITS MOTION TO DISMISS |
| JOSEPH EDWARD DUNCAN, III, | ) DEFENDANT'S MOTION TO |
| | ) SUPPRESS EVIDENCE RE: 2005 |
| Defendant. | ) JEEP |
| | ) |

The United States of America, through its undersigned counsel, respectfully files this memorandum in support of its motion to dismiss that portion of the defendant's motion to suppress evidence asking this Court to suppress evidence seized from the red 2005 Jeep Grand Cherokee Laredo he was driving at the time of his arrest. The defendant does not have standing

- 1 -

to challenge introduction of evidence seized from this stolen vehicle at a capital sentencing hearing, particularly since the defendant has pled guilty to Count Ten of the indictment charging him with interstate transportation of a stolen motor vehicle.

FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2005, Brenda Groene, Mark McKenzie and Sl.G. were murdered at their home near Coeur d'Alene, Idaho.  Two younger children, S.G. and D.G.,  were missing from the home.  On July 2, 2005, at approximately 2:00 a.m., Joseph Edward Duncan, III, was arrested in Coeur d'Alene, Idaho, by Kootenai County Sheriff's Office deputies and Coeur d'Alene Police Department officers after employees and customers at a restaurant observed him with a young child they believed to be S.G.

Several witnesses identified a red 2005 Jeep Grand Cherokee Laredo in the restaurant parking lot as the vehicle Duncan was driving when he arrived at the restaurant.  Law enforcement officers determined that the vehicle had been reported stolen by Enterprise Rent-a-Car in St. Paul, Minnesota, and that the license plates on the vehicle had been stolen in Joplin, Missouri on April 27, 2005.

On January 18, 2007, a federal grand jury sitting in Coeur d'Alene, Idaho, returned a ten-count indictment against Duncan charging him with various federal crimes arising out of his conduct in Northern Idaho and Western Montana between May 16, 2005, and July 2, 2005, as well as with federal crimes arising out of his travel into Idaho.  Three of the charges alleged that the defendant's conduct resulted in the death of D.G.  On January 23, 2007, the United States filed a notice of intent to seek the death penalty for the crimes charged in counts one, five and seven, the three offenses alleged to have resulted in D.G.'s death.

On November 5, 2007, the defendant filed a number of motions, including a motion to suppress evidence seized on July 2, 2005, from the red 2005 Jeep Grand Cherokee Laredo he was driving at the time of his arrest.

On December 3, 2007, the defendant pled guilty to all ten counts pending against him. On December 13, 2007, this Court set the defendant's capital sentencing hearing for April 14, 2008, and continued the motions hearing from December 17, 2007, to January 22, 2008.

ARGUMENT

A person has standing to challenge a search where he has a subjective expectation of privacy in the location to be searched and it is an expectation that society accepts as objectively reasonable. Minnesota v. Olson, 495 U.S. 91 (1990); Rakas v. Illinois, 439 U.S. 128, 143, 143 n.12 (1978). The individual's expectation, viewed objectively, must be reasonable under the circumstances. Smith v. Maryland, 442 U.S. 735, 740-41 (1979). The defendant has the burden of demonstrating standing. United States v. Dorais, 241 F.3d 1124, 1129-30 (9th Cir. 2001); United States v. Singleton, 987 F.2d 1444, 1447 (9th Cir. 1993).

In United States v. Henderson, 241 F.3d 638, 646 (9th Cir. 2001), the Ninth Circuit held that the lessee of a rental car had a privacy interest in the car even though the rental agreement had expired. In reaching this decision, the Ninth Circuit noted that a rental car company representative had testified that it was not unusual for customers to keep rental cars beyond the terms of the rental agreement, and when that occurred, the company would simply charge the credit card for the late return. Id. at 647. The Court found that the parties continued to act as if the rental agreement had not expired and that the rental car company continued to treat Henderson as the lessee. Id.

In this case, however, it is undisputed that the red 2005 Jeep was a stolen vehicle at the time of the search. The defendant admitted these facts and pled guilty on December 3, 2007, to Count 10 of the indictment charging him with interstate transportation of a stolen motor vehicle. See Change of Plea Hearing Transcript at 20-21, 25, 28, attached as Exhibit A. In addition, in contrast to the rental car company in Henderson, Enterprise Rent-a-Car had filed a stolen car report nearly two months prior to the search. See Change of Plea Hearing Transcript at 21. At the time of the search, law enforcement officers already had determined that both the Jeep and the license plates on it were stolen. This information was set out on the impound notice that was both submitted in support of the 8:16 a.m. search warrant and attached to it. See Exhibits O, at p. 85-86, and P, attached to defendant's motion to suppress (docket no. 120). On July 2, 2005, the defendant had no subjective expectation of privacy in the stolen Jeep. Even if he did have a subjective expectation of privacy, based on Enterprise's actions in asserting its possessory rights, it would not be an expectation that society would recognize as objectively reasonable.

Including Henderson, the Ninth Circuit has decided a line of cases finding that a lessee loses a legitimate expectation of privacy in rented property after a rental contract has expired and the lessor reasserts its possessory interest. See Dorais, 241 F.3d at 1128-29 (neither hotel guest who had checked out nor hotel guest who had overstayed time he said he would vacate the room had standing to challenge search of room where hotel sought to immediately repossess room); United States v. Poulsen, 41 F.3d 1330, 1336-37 (9th Cir. 1994)(involving storage locker where lessor had terminated lease for non-payment and had entered unit to remove contents); United States v. Huffhines, 967 F.2d 314, 318 (9th Cir. 1992)(defendant lacks standing to challenge search of hotel room where rental agreement terminated for cause); United States v. Haddad, 558 F.2d 968, 975 (9th Cir. 1977)(same).

These cases further show that this defendant lacks standing to challenge the search of the Jeep. When the defendant failed to return the Jeep, as promised, on April 20, 2005, Enterprise made numerous attempts to locate the defendant and to charge his credit card for the time the defendant possessed the car beyond the terms of the contract. On April 25, 2005, for example, Enterprise contacted the defendant's former employer to see if he could locate the defendant. On April 28, 2005, the employer informed Enterprise that he could not locate the defendant. On that same date, Enterprise sent a demand letter for return of the Jeep to the address listed on the defendant's rental agreement. Shortly after May 3, 2005, the National Park Service notified Enterprise that the key chain tag and fleet sticker for one of its vehicles had been found in Wyoming. See Affidavit of Michael J. Gneckow, attached as Exhibit B. On May 9, 2005, the St. Paul Police Department completed a stolen vehicle report for the Jeep. See Change of Plea Hearing Transcript at 21. In short, Enterprise had done all that it could to recover the vehicle where it had no knowledge of the vehicle's location. In contrast to the rental car company in Henderson, Enterprise did not continue to treat the defendant as the lessee. Nor did either the defendant or Enterprise continue to act as if the rental agreement had not expired. See Henderson, 241 F.3d at 647.

The United States in its November 19, 2007, opposition to the defendant's motion to suppress the evidence seized from the Jeep raised the standing issue but acknowledged that some case law supported the defendant's standing because the defendant was charged in count ten of the indictment with interstate transportation of a stolen motor vehicle. The defendant, in his reply brief, set forth no argument or facts on this standing issue.

In 1960, the United States Supreme Court held that a movant has standing to assert his Fourth Amendment rights when he is charged with an offense that includes as an essential element the possession of the seized evidence at the time of the contested search. Jones v.

United States, 362 U.S. 257, 261 (1960). Since Jones, the Supreme Court in Katz v. United States, 389 U.S. 347 (1967), Rakas v. Illinois, 439 U.S. 128 (1978), Smith v. Maryland, 442 U.S. 735 (1979), and Minnesota v. Olson, 495 U.S. 91 (1990), has shifted its Fourth Amendment jurisprudence to focus on a person's reasonable expectation of privacy in the place to be searched, rather on the mechanical notions of standing set forth in Jones. In Rakas, the Supreme Court rejected the petitioners' invitation to relax or broaden the rule of standing set out in Jones, holding instead that the standing analysis was more properly subsumed under substantive Fourth Amendment law. Rakas, 439 U.S. at 132-34, 140-43. Thus, as set forth above, whether the proponent of a motion to suppress is entitled to contest the legality of a search or seizure turns not on whether he was the "victim" of the search or seizure but on whether he had a subjective expectation of privacy in the location to be searched and it is an expectation that society accepts as objectively reasonable.

Where, as here, the defendant has admitted he stole the vehicle and the remaining proceeding in which the United States intends to introduce evidence seized from the stolen Jeep, the capital sentencing hearing, does not involve the count of the indictment charging transportation of the stolen motor vehicle, the defendant has no basis to contest the legality of the search or seizure of the Jeep.

CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court dismiss for lack of standing that portion of the defendant's motion to suppress evidence seeking to suppress the evidence seized from the red 2005 Jeep.

DATED this 9th day of January, 2008.

_____
/s/ THOMAS E. MOSS
United States Attorney


_____
/s/ Traci J. Whelan
Assistant United States Attorney


_____
/s/ Wendy J. Olson
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Government's Memorandum in Support of its Motion to Dismiss Defendant's Motion to Suppress Evidence Re: 2005 Jeep was served on all parties named below this 9th day of January, 2008.

    ___ United States Mail, postage prepaid

    ___ Hand delivery

    ___ Facsimile Transmission (fax)

    ___ Federal Express

    _x_ ECF Filing

Roger Peven
Federal Defenders of Eastern Washington and Idaho
10 North Post Street, Suite 700
Spokane, Washington 99201

Thomas Monaghan
Federal Defender Services of Idaho
Jefferson Place Building, Suite 300
350 North 9th Street
Boise, Idaho 83702

Mark Larranaga
Attorney at Law
705 Second Ave., No. 405
Seattle, Washington 98104

Judy Clarke
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101

Attorneys for Joseph Edward Duncan, III

/s/ Wendy J. Olson