Mark A. Larranaga
LAW OFFICES OF WALSH & LARRANAGA
705 Second Ave., Suite 405
Seattle, Washington 98104
(206) 325-7900

Thomas Monaghan
FEDERAL DEFENDER SERVICES OF IDAHO
350 North 9th Street, Suite 301
Boise, Idaho 83702
(208) 388-1600
Fax (208) 388-1757

Judy Clarke
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101
(619) 234-8467

Attorneys for Defendant
JOSEPH EDWARD DUNCAN, III

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
(HONORABLE EDWARD J. LODGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR-07-23-N-EJL |
| Plaintiff, ) | |
| ) | RESPONSE TO GOVERNMENT'S |
| vs. ) | MOTION TO DISMISS MOTION |
| ) | TO SUPPRESS EVIDENCE |
| JOSEPH EDWARD DUNCAN, III, ) | RE: 2005 JEEP |
| ) | [DOCKET NO. 221] |
| Defendant. ) | |
| ) | |

On November 5, 2007, the defense filed a Motion to Suppress Evidence, including items seized from the 2005 Jeep Mr. Duncan was driving at the time of his arrest on July 2, 2005. [Docket No. 120]. On January 9, 2008, the government filed a Motion to Dismiss Defendant's Motion to Suppress Evidence Re: 2005 Jeep. [Docket No. 221]. The government argues that Mr. Duncan's guilty plea to Count 10 of the indictment, charging him with interstate

1

transportation of a stolen motor vehicle, the Jeep, resulted in his loss of standing to contest the search of that vehicle.

The government's eleventh hour standing argument presented in this motion should be dismissed. As acknowledged in its brief, the government originally mentioned standing in its November 19, 2007 response to the defense motion to suppress, but then essentially assumed that Mr. Duncan had standing because of the position it had taken. See Government's Opposition to Motion to Suppress Evidence, Docket No. 167 at 18. The government offers no authority supporting its claim that Mr. Duncan's guilty plea on December 3, 2007 to the charge of interstate transportation of a stolen motor vehicle can retroactively divest him of standing to challenge the search of the Jeep that occurred on July 2, 2005.

The government relies principally on United States v. Henderson, 241 F.3d 638 (9th Cir. 2001). Although Henderson held that a defendant whose rental car contract had expired still retained standing to challenge the search of that vehicle, the government attempts to draw a sharp contrast between its facts and the situation at issue in this case. The primary distinction asserted by the government is that Mr. Duncan's recent guilty plea establishes undisputedly that the Jeep was a stolen vehicle.

While there are differences between the two scenarios, the facts presented by the government actually resemble some of the facts in Henderson. In Henderson, the Ninth Circuit found it significant that the rental car company would simply charge customers' credit cards for the additional costs when cars were returned late. Id. at 647. The discovery provided by the government and confirmed by FBI Agent Gneckow's affidavit shows that Enterprise continued to charge Mr. Duncan's credit card for substantial amounts of money for the rental after the date it was due to be returned. See Docket No. 221, Exhibit B. As noted by Agent Gneckow, Enterprise Rent-A-Car sent Mr. Duncan a demand letter for the vehicle on April 28, 2005, after

it had attempted to charge his credit card for the rental on three separate occasions. Those three charges were not honored. Id. at 3-5. However, afterwards, Enterprise successfully charged Mr. Duncan's card $1300 for the Jeep in the following transactions: (1) May 5, 2005: two (2) separate transactions of $100 each; (2) May 10, 2005: three (3) separate transactions of $100 each; and (3) May 20, 2005: one (1) transaction for $800. Id. at 5-6; Defense Exhibit A (timeline reflecting Mr. Duncan's financial transactions provided in discovery). Because Enterprise kept charging Mr. Duncan for his continued possession of the Jeep, he continued to have a possessory interest in it sufficient to confer standing upon him to challenge its search.

More importantly, however, the government applies the reasoning of Henderson too broadly, contending that it defeats Mr. Duncan's challenge not just to the vehicle search itself, but the additional and repeated searches of the personal items seized therefrom. Even if Mr. Duncan could be considered to have lost his standing to challenge the search of the interior of the Jeep, the status of his rental car contract cannot be construed to divest him of standing to challenge the seizure and further search of the contents of his personal property found inside. Whether or not Mr. Duncan had a reasonable expectation of privacy in the Jeep, he certainly had one as to the contents of his personal property. As the court is aware from the defense suppression motion and supporting memorandum, the government not only seized the items inside the Jeep, they subsequently conducted extensive searches of the GPS device, Dell laptop computer, video camera, and microdrives. The government plans to introduce the contents of those items in its pursuit of a death sentence in the penalty phase.

In United States v. Edwards, 242 F.3d 928 (10th Cir. 2001), the Tenth Circuit held that the defendant lacked standing to challenge the search of a rental vehicle because it was rented in his companion's name and because he was not an authorized driver of the vehicle. Id. at 936. However, the court concluded the defendant did have standing to challenge the search of his

personal luggage that was contained within the trunk of the rental vehicle. Id. at 936-37, citing, United States v. Martinez, 983 F.2d 968, 972 (10th Cir. 1992), Arkansas v. Sanders, 442 U.S. 753, 761 n.8 (1979); United States v. Buchner, 7 F.3d 1149, 1154 (5th Cir. 1993).

Likewise, the specified items were purchased by Mr. Duncan and in his possession, as they were located in the rental vehicle. As in Edwards, those items were "closed," as their contents could not be retrieved without expert forensic analysis. Accordingly, even if Mr. Duncan's legitimate expectation of privacy in the Jeep itself somehow expired, this authority establishes that he must be considered to have sufficient standing to contest the separate searches of these items.

To establish standing, a defendant must demonstrate some type of possessory or ownership interest in the item searched. United States v. Thomas, 447 F.3d 1191, 1197 (9th Cir. 2006). "A 'possessory or ownership interest' need not be defined narrowly: A reasonable expectation of privacy may be shown 'either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" Id. at 1198-99, quoting, Minnesota v. Carter, 525 U.S. 83, 88 (1998). Furthermore, while a defendant bears the burden of demonstrating standing, the court can look to the government's evidence to see whether it establishes the privacy interest for him. See e.g. United States v. Singleton, 987 F.2d 1444, 1449 (9th Cir. 1993).

In this case, the government's evidence clearly shows that Mr. Duncan had a significant ownership and possessory interest in the GPS device, Dell laptop computer, video camera, and microdrives found in the Jeep, sufficient to provide him standing under the Fourth Amendment to challenge their search. The government has provided through discovery evidence demonstrating that Mr. Duncan purchased some of those items in April 2005, prior to his travels. Indeed, the government recited that evidence as part of the factual basis for Mr. Duncan's plea:

> On at least June 22, 2005, the defendant videotaped the sexual acts he forced D.G. to submit to or engage in while he was in an old wooden cabin in the Lolo National Forest. The defendant saved the video footage he made on June 22, 2005 to a four gigabyte micro drive.
>
> Mr. Duncan purchased the video camera that he used on June 22, 2005, and other dates to record his activity with D.G. and S.G., as well as purchasing the four gigabyte microdrive that contained the video footage that was outlined from June 22, 2005, at Best Buy in Fargo, North Dakota, in April of 2005.
>
> He purchased other equipment used to produce the June 22, 2005 videos of D.G. engaging in sexually explicit conduct at K-Mart in North Dakota also in April of 2005. This equipment was with him throughout his travels.

Transcript of plea hearing at 23; see also Defense Exhibit A at 3-4 (detailing Mr. Duncan's purchase of video camera and microdrive).

Furthermore, the Ninth Circuit has held that the government cannot argue that a defendant possessed an item for purposes of establishing a defendant's guilt while denying that the defendant had an expectation of privacy in the item where, as here, the circumstances of the case make such positions necessarily inconsistent. United States v. Isaacs, 708 F.2d 1365, 1367-68 (9th Cir. 1983). In Isaacs, the government argued at trial that the defendant's disavowal of any knowledge of the presence of a journal in his bedroom safe was false, and it called upon the jury to reject the defendant's denial and find him guilty. However, on appeal, the government reversed course and argued that the defendant's denial of ownership of the journal stripped him of standing to object to the search of his safe. Id. at 1368. The Ninth Circuit held that such "prosecutorial self-contradiction" was not permitted and concluded that he had a legitimate expectation of privacy in the safe. Id. at 1368-69.

The principle set forth in Isaacs directly applies to this case. The government and its witnesses have consistently characterized these objects as being in Mr. Duncan's possession and

repeatedly maintained that he used them during the commission of his criminal acts. For example, in a law enforcement report provided through discovery, Detective Brad Maskell of the Kootenai County Sheriff's Office recounted Detective Jerry Northrup's "continuing progress in exploiting the GPS track information being gleaned from Joseph Duncan's GPS unit." (emphasis added). The report describes how the GPS was being searched to determine "waypoint information" as to where Mr. Duncan paused or traveled during the pertinent time period. Even more significantly, in a preliminary proceeding, the government presented evidence in which the Dell laptop was repeatedly described as being "Duncan's laptop." Defense Exhibit B at 10, 22, 24, 39, 55, 64 (filed under seal). The microdrive was also described as "Duncan's." Id. at 24.[1]

The government has supplied the court with no authority or basis for concluding that Mr. Duncan lacks standing to contest the search of the electronic media found within the Jeep. As indicated above, it cannot make such a claim where it has always maintained that all of these items were purchased, possessed, and/or owned by him.

**Conclusion**

For the foregoing reasons, the defense respectfully requests the court deny the government's motion to dismiss the motion to suppress evidence.

Dated: January 16, 2008.                    Respectfully submitted,

   ___/s/_____
   Mark A. Larranaga
   Thomas Monaghan
   Judy Clarke
   Attorneys for
   JOSEPH EDWARD DUNCAN, III

---

[1] In its response in opposition to Mr. Duncan's motion to suppress the evidence seized from the Jeep, the government, in a single line, asserted that Mr. Duncan does not have standing to contest the search of the microdrive because he gave that item to S.G. [Docket No. 167 at 18]. However, this contention is contradicted by the description of this item as belonging to Mr. Duncan in the above-referenced proceeding.