IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | MEMORANDUM ORDER |
| | ) | Case No. CR07-23-N-EJL |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Defendant's Motion to Declare the Federal Death Penalty

Act Unconstitutional and Dismiss the Special Findings From the Indictment and to Strike the Death

Notice.  The Government has  responded to the motion and the time for filing any reply has expired.

The matter is now ripe for the Court's consideration.  Having fully reviewed the record herein, the

Court finds that the facts and legal arguments are adequately presented in the briefs and record.

Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that

the decisional process would not be significantly aided by oral argument, this motion shall be

decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

The Defendant, Joseph Edward Duncan, III, has been charged with three counts that carry

the potential for a sentence of death:  Kidnapping Resulting in Death, Kidnapping, Sexual

Exploitation of a Child Resulting in Death, and Using a Firearm During and in Relation to a Crime

of Violence Resulting in Death.  The charges relate to events occurring in northern Idaho between

May of 2005 and July of 2005.  The Government filed a notice of intent to seek the death penalty.

MEMORANDUM ORDER - 1

(Dkt. No. 11).  On December 3, 2007, the Defendant entered pleas of guilty to all counts of the indictment.

**Analysis**

I.      Declare Federal Death Penalty Act Unconstitutional

      A.      Ring v. Arizona Decision

The defense argues that the FDPA must be declared unconstitutional for failing to require a jury to find, as an element, that the aggravating factor outweighs the mitigation beyond a reasonable doubt as applied in Ring v. Arizona, 536 U.S. 584 (2002).  Further, the defense argues the FDPA cannot be saved by judicial construction.  See United States v. Jackson, 390 U.S. 570 (1968).

The holding in Ring and the cases that followed, do not render the FDPA unconstitutional.  What Ring requires is "that facts giving rise to a punishment exceeding the maximum otherwise available, whether labeled as 'elements' or 'functional equivalents of elements,' must be treated as if they are elements-charged in an indictment, tried by a jury, and proven beyond a reasonable doubt-to pass constitutional muster."  Haynes, 269 F.Supp.2d at 978.  Thus, "the mens rea and aggravating factors enunciated in the FDPA, which if proven increase the maximum punishment of individuals charged with offenses listed at § 3592 from life imprisonment to death, must be charged in an indictment and proven to a jury beyond a reasonable doubt."  Id.; see also United States v. Regan, 221 F.Supp.2d 672, 680-81 (E.D. Va. 2002).  The non-statutory aggravating factors, mitigating factors, and any balancing of aggravating and mitigating factors need not be presented to the Grand Jury, charged in the Indictment, found by a jury, or proven beyond a reasonable doubt. Id.; see also United States v. Purkey, 428 F.3d 738, 749-50 (8th Cir. 2005).  Accordingly, the Court

MEMORANDUM ORDER - 2

denies the motion to deem the FDPA unconstitutional based on the Ring decision.

B.    Relaxed Evidentiary Standard

The defense asserts that § 3593(c) of the FDPA violates the constitution by declaring that the Federal Rules of Evidence do not apply at a capital sentencing hearing.  This exclusion of the Rules of Evidence, the defense argues, allows the Government to present evidence of an element of the crime, the aggravating factors, contrary to the rule in Ring and the Defendant's due process rights by failing to provide procedural guarantees, such as applying the Rules of Evidence to the sentencing hearing.

As the Court indicated at the recent hearing, the Penalty Phase of this case beginning on April 14, 2008 will be comprised of two stages: first, the Eligibility Phase and, second, the Selection Phase. The Rules of Evidence will apply at the Eligibility Phase and the § 3593(c) standard[1] will apply at the Selection Phase.  This bifurcation of the Penalty Phase addresses the Defendant's arguments on this point.  Additionally, this argument has been rejected by other courts whose reasoning this Court is in agreement with.  See e.g. United States v. Mitchell, 502 F.3d 931, 979-80 (9th Cir. 2007); United States v. Haynes, 269 F.Supp.2d 970, 983 (W.D. Tenn. 2003); United States v. Williams, 2007 WL 2916123 *6 (D. Haw. Oct. 2, 2007).

C.    Presumption of Innocence

The defense asserts that the FDPA fails to provide the required constitutional protection of the presumption of innocence on the issues of guilt, aggravation, and the appropriateness of the death penalty at the sentencing hearing.  (Dkt. No. 135, p. 28) (The FDPA "denies the defendant the

---

[1]  "Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."

MEMORANDUM ORDER - 3

presumption of innocence as to the sentencing elements of the offense, in stark violation of the defendant's right to due process."). This argument is a continuation of the defense's claim that the jury must make the findings as to the aggravating factors beyond a reasonable doubt just as it does with the other elements of the crime during the guilt phase while applying the presumption of innocence.  Because the defendant has already been found guilty prior to the jury making the findings at the Penalty Phase as to the aggravating factors, there is no presumption of innocence. This argument has been rejected.  See e.g. United States v. Fell, 372 F.Supp.2d 753 (D.Vt. 2005); United States v. Williams, 2007 WL 2916123 *5 (D. Haw. Oct. 2, 2007).  The defense further argues that because the Grand Jury did not make these findings in returning the Indictment in this case, the death notice should be stricken.  This argument has also been rejected.  See United States v. Haynes, 269 F.Supp.2d 970, 979-81 (W.D. Tenn. 2003) ("The Supreme Court has made clear, however, that an indictment need only charge the elements necessary to constitute the offense, and need not charge the ultimate punishment sought for the offense committed.") (citing Hamling v. United States, 418 U.S. 87, 117 (citation omitted).  On the same basis, the Court denies the Defendant's motion.

II.      Grand Jury Process and Indictment In This Case

The Fifth Amendment to the United States Constitution states that "[n]o person shall be held to answer for a capital ... crime, unless on presentment or indictment of a Grand Jury...." U.S. Const. Amend. V.  This Clause serves the "two critical functions" of, first, checking  prosecutorial power by requiring a factual determination of the existence of probable cause as to the essential elements of the charged offense and, second, providing the defendant with notice of the charges brought against him or her against which he or she must defend.  Haynes, 269 F.Supp.2d at 980-82 (citations omitted).

MEMORANDUM ORDER - 4

A.      Notice

The defense argues the Death Notice should be dismissed and the Notice of Special Findings should be stricken because the Government did not inform the Grand Jury of the consequences of making the special findings.  Specifically, that the Notice of Special Findings would "subject Mr. Duncan to the death penalty or otherwise indicate that the grand jury intended to return an indictment charging him with a capital crime."  (Dkt. No. 135, p. 10).

The presentation of facts to the Grand Jury by way of special findings is permissible.  United States v. Regan, 221 F.Supp.2d 672, 680 (E.D.Va. 2002).  "The Supreme Court has made clear...that an indictment need only charge the elements necessary to constitute the offense, and need not charge the ultimate punishment sought for the offense committed."  Haynes, 269 F.Supp.2d at 980-81 (citing Hamling v. United States, 418 U.S. 87, 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'these words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' ") (quoting United States v. Carll, 105 U.S. 611, 612 (1881)).

The Indictment returned in this case includes a Notice of Special Findings applicable to Counts One, Five, and Seven; the charges carrying a possible sentence of death.  (Dkt. No. 1).  The Notice of Special Findings uses language from 18 U.S.C. §§ 3591 and 3592  to identify the specific mens rea and aggravating factors upon which the Government will seek the death penalty.  This is sufficient to satisfy the requirements of the Fifth Amendment.  Haynes, 269 F.Supp.2d at 981 (citing United States v. Johnson, 239 F.Supp.2d 924, 941-44 (N.D. Iowa 2003) (rejecting a claim by the defendant that the findings in the superceding indictment fail to provide notice because they do not

MEMORANDUM ORDER - 5

explicitly state that the defendant is charged with a capital crime) (citation omitted)); see also United States v. Williams, 2007 WL 2916123 *4 (D. Haw. Oct. 2, 2007).  The Defendant's argument that more is required fails and the motion is denied.

> B.      Indictment Failed to Allege All of the Elements of a Capital Crime

The defense argues the Death Notice in this case should be dismissed because the Indictment does not present the "third element" to the grand jury; whether the aggravating factors outweigh the mitigating factors sufficiently to justify a sentence of death.  As stated above, the weighing of the aggravating and mitigating factors is not an element of the charge that must be included in the Indictment.  See Haynes, 269 F.Supp.2d at 978.  Further, the argument that the weighing of factors must be presented to the Grand Jury has been squarely rejected by other courts and the Court agrees with the reasoning of those decisions.  See e.g. United States v. Purkey, 428 F.3d 738, 749-50 (8th Cir. 2005); United States v. Williams, 2007 WL 2916123 *4 (D. Haw. Oct. 2, 2007).

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** the Motions to Declare the Federal Death Penalty Act Unconstitutional.  (Dkt. No. 135).

DATED:  **February 26, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 6