IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MEMORANDUM ORDER |
| Plaintiff, | ) | Case No. CR07-23-N-EJL |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are the Defendant's Motions to Declare the Federal Death Penalty

Act Unconstitutional.  The Government has filed a single response to the motions and the time for

filing any reply has expired.  The matter is ripe for the Court's consideration.  Having fully reviewed

the record herein, the Court finds that the facts and legal arguments are adequately presented in the

briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court

conclusively finds that the decisional process would not be significantly aided by oral argument, this

motion shall be decided on the record before this Court without oral argument.  Local Rule

7.1(d)(2)(ii).

### Factual and Procedural Background

The Defendant, Joseph Edward Duncan, III, was charged with multiple crimes  relating to

events occurring in northern Idaho between May of 2005 and July of 2005.  Three of the counts

carry the potential for a sentence of death:  Kidnapping Resulting in Death, Sexual Exploitation of

a Child Resulting in Death, and Using a Firearm During and in Relation to a Crime of Violence

MEMORANDUM ORDER - 1

Resulting in Death.   The Government filed a notice of intent to seek the death penalty.  (Dkt. No.

11).  On December 3, 2007, the Defendant entered pleas of guilty to all counts of the indictment.

**Analysis**

I.    The Furman v. Georgia Decision and the Capital Jury Project Findings

The defense argues the death penalty is imposed in an arbitrary, capricious, and random

matter, based on the findings of the Capital Jury Project ("CJP")[1] and the Supreme Court decision

in Furman v. Georgia, 408 U.S. 238 (1972), and, therefore, it should be rendered unconstitutional

and the death notice in this case should be stricken.  In particular, the defense points to the following

findings from the CJP: premature decision-making, failures of the jury selection process to neutrilize

bias, failure of jurors to follow penalty phase jury instructions, jurors misconceptions and evasion

of responsibility of the punishment decision, the impact of race on jurors decision-making, and

underestimation of the alternative to a death sentence.  (Dkt. No. 136).  In sum, the defense asserts

"Because the traditional means of guiding the discretion of jurors in capital cases have been shown

by the [CJP research] to be constitutionally inadequate and because there are no other means

available identified as protecting the defendant's rights, the death notice should be dismissed."  (Dkt.

No. 136, p. 25).

In response, the Government challenges the application of the CJP in this case and opposes

the arguments raised in this motion.  At best, the Government argues, the assertions made by the

defense in this motion provide a basis for requesting certain voir dire procedures and jury

instructions but do not warrant declaring the FDPA unconstitutional.  (Dkt. No. 168, p. 14).

The Court has considered the arguments raised in the motion and concludes as follows.

---

[1] William J. Bowers, The Capital Jury Project: Rationale, Design and Review of Early Findings, 70 Ind. L.J. 1043 (1995).

Following the Supreme Court's decision in <u>Furman</u>, Congress promulgated the FDPA which set forth a capital sentencing scheme that courts have repeatedly deemed constitutional.  <u>United States v. Sampson</u>, 486 F.3d 13 (1st Cir. 2007) (citing cases).  The findings of the CJP do not provide a basis for undermining the constitutionality of the FDPA.  The arguments raised in the motion are not particular to the facts of this case or even to this District.  Similar arguments that the findings of certain death penalty studies justify invalidating capital statutes have been rejected by other courts.  <u>See</u> <u>United States v. Regan</u>, 228 F.Supp.2d 742, 746 (E.D.Va. 2002) and <u>United States v. Llera Plaza</u>, 179 F.Supp.2d 444, 450 (E.D.Pa. 2001) (citing studies regarding incomprehensibility of the jury instructions used in capital cases).  So too here, the findings of the CJA are insufficient to support the Defendant's motion and the Court denies the same.

II.     <u>The Arbitrary Application, Evolving Standards of Decency, and Fundamental Fairness</u>

The defense asks the Court to declare the FDPA unconstitutional because it is arbitrary, violating the principles of evolving standards of decency, and applied in a fundamentally unfair manner.  The motion discusses <u>Furman v. Georgia</u>, *supra* extensively as well as other capital cases in arguing that the application of the death penalty has historically been so arbitrary, capricious, and random that it is unconstitutional.  The defense also argues the United States should no longer employ the death penalty in light of the evolving standards of decency and fundamental fairness.  The Government counters that the FDPA does not have the same flaws in the statutes that were struck down in <u>Furman</u> and that the infrequency with which the death penalty has been sought is not a basis for invalidating the FDPA.  (Dk.t No. 168, pp. 11-12).

MEMORANDUM ORDER - 3

The Court reviewed and considered the discussion and arguments made in this motion as well as the applicable case law.  The question of whether or not the United States should continue to utilize the death penalty in this country, though an interesting question, is not one for this judicial body to decide.  As to whether the FDPA is constitutional, courts have repeatedly rejected the arguments raised in this motion.  See McCleskey v. Kemp, 481 U.S. 279, 302, 307 (1987); Gregg v. Georgia, 428 U.S. 153, 189 (1976); United States v. Sampson, 486 F.3d 13, 19-29 (1st Cir. 2007). Having reviewed these decisions, this Court is in agreement that the FDPA is constitutional.  The FDPA satisfies the constitutional requirements, unlike the death penalty statute rejected in Furman. McCleskey, 481 U.S. at 301-06; Sampson, *supra*.  Accordingly, the motion to dismiss the death notice and to deem the FDPA unconstitutional is denied.

### ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** the Motions to Declare the Federal Death Penalty Act Unconstitutional.  (Dkt. Nos. 136, and 137).

DATED:  **February 26, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 4