IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | MEMORANDUM ORDER |
| | ) | Case No. CR07-23-N-EJL |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional and Strike the Death Penalty Notice. The Government has filed a response and the time for filing any reply has expired. The matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

The Defendant, Joseph Edward Duncan, III, was charged by way of an Indictment with multiple crimes relating to events occurring in northern Idaho between May of 2005 and July of 2005. (Dkt. No. 1). Three of the counts carry the potential for a sentence of death: Kidnapping Resulting in Death, Sexual Exploitation of a Child Resulting in Death, and Using a Firearm During and in Relation to a Crime of Violence Resulting in Death. The Indictment contains a section

MEMORANDUM ORDER - 1

entitled Notice of Special Findings ("Special Findings") which details the particular factual allegations necessary for the application of FDPA in this case.  (Dkt. No. 1).  The Government later filed a notice of intent to seek the death penalty ("Death Penalty Notice").  (Dkt. No. 11).  On December 3, 2007, the Defendant entered pleas of guilty to all counts of the Indictment.

**Analysis**

In this motion the Defendant challenges whether the Special Findings contained in the Indictment and the Death Penalty Notice satisfy the Constitutional notice requirements.  The Defendant's motion asks that the Notices[1] be dismissed and/or stricken or, alternatively, that the Government be directed to provide "sufficient details and information concerning the nature of the mental state and aggravating factors alleged in the notice."  (Dkt. No. 116, p. 2).  In addition, the Defendant argues the Death Penalty Notice improperly alleges all four of the § 3591 mental states.

I.      Sufficiency of Notice

Defendant's motion argues that the Notices do not satisfy the Fifth, Sixth, and Eighth Amendments in that they fail to apprise the Defendant of the nature and factual basis upon which the Government will rely to justify a sentence of death; thereby precluding him from preparing a defense.  Defendant contends that the Notices are vague and merely recite the general terms of the statute without providing any substantive factual basis.  The Government opposes the motion arguing the Notices properly track the statutory language and meet the constitutional notice requirements.

---

[1]   In this order, the Court will use the term "Notices" to refer to both the Special Findings and the Death Penalty Notice where appropriate.  Otherwise, the Court will specify between the two by name.

MEMORANDUM ORDER - 2

A.      <u>Notice of Special Findings and Death Penalty Notice In This Case</u>:

Notice of Special Findings in this case alleges all four of the § 3591 intent factors as to each

of the three death counts, Counts One, Five, and Seven, stating that the Defendant:

      a.       Was 18 years of age or older at the time of the offense, to-wit the defendant was 42 years old (18 U.S.C. § 3591(a));

      b.       Intentionally killed D.G. (18 U.S.C. § 3591(a)(2)(A));

      c.       Intentionally inflicted serious bodily injury that resulted in the death of D.G. (18 U.S.C. § 3591(a)(2)(B));

      d.       Intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and D.G. died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

      e.       Intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and D.G. died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D))
           ....

(Dkt. No. 1).  The Notice of Special Findings also alleges certain § 3592(c) aggravating factors as

to each of the death counts.  As to Count One, the § 3592(c) aggravating factors alleged in the

Notice of Special Findings states that the Defendant:

      f.       Caused the death of D.G. during the commission of a violation of 18 U.S.C. § 1201 (kidnapping) (18 U.S.C. 3592(c)(1));

      g.       Has previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use of a firearm against another person, to-wit: rape in case number CR 57116, Pierce County, State of Washington (18 U.S.C. § 3592(c)(2));

      h.       Has previously been convicted of another state offense resulting in the death of a person, for which a sentence of life imprisonment was authorized by statute, to-wit:  first-degree murder and first-degree kidnapping in case number CR F05-13674, Kootenai County, State of Idaho (18 U.S.C. § 3592(c)(3));

      I.       Committed the offense in an especially heinous, cruel, and depraved manner, in that it involved torture and serious physical abuse to D.G. (18 U.S.C. § 3592(c)(6));

      j.       Killed D.G. after substantial planning and premeditation to cause the death of D.G. (18 U.S.C. § 3592(c)(9)); and

      k.       His victim, D.G., was particularly vulnerable due to youth, to-wit: D.G. was nine

MEMORANDUM ORDER - 3

years old (18 U.S.C. § 3592 (c)(11)).

As to Count Five, the § 3592(c) aggravating factors alleged in the Notice of Special Findings

states that the Defendant:

f.      Cause the death of D.G. during the commission of a violation of 18 U.S.C. § 1201 (kidnapping) (18 U.S.C. § 3592(c)(1));

g.      Has previously been convicted of another state offense resulting in the death of a person, for which a sentence of life imprisonment was authorized by statute, to-wit:  first-degree murder and first-degree kidnapping in case number CR F05-13674, Kootenai County, State of Idaho (18 U.S.C. § 3592(c)(3));

h.      Committed the offense in an especially heinous, cruel, and depraved manner, in that it involved torture and serious physical abuse to D.G. (18 U.S.C. § 3592(c)(6));

I.      Killed D.G. after substantial planning and premeditation to cause the death of D.G. (18 U.S.C. § 3592(c)(9));

j.      His victim, D.G. was particularly vulnerable due to youth, to-wit: D.G. was nine years old (18 U.S.C. § 3592 (c)(11)); and

k.      Has previously been convicted of a crime of sexual assault, to-wit: rape in case number CR 57116, Pierce County, State of Washington (18 U.S.C. § 3592(c)(15)).


As to Count Seven, the § 3592(c) aggravating factors alleged in the Notice of Special

Findings states that the Defendant:

f.      Cause the death of D.G. during the commission of a violation of 18 U.S.C. § 1201 (kidnapping) (18 U.S.C. § 3592(c)(1));

g.      Has previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use of a firearm against another person, to-wit: rape in case number CR 57116, Pierce County, State of Washington (18 U.S.C. § 3592(c)(2));

h.      Has previously been convicted of another state offense resulting in the death of a person, for which a sentence of life imprisonment was authorized by statute, to-wit: first-degree murder and first-degree kidnapping in case number CR F05-13674, Kootenai County, State of Idaho (18 U.S.C. § 3592(c)(3));

I.      Committed the offense in an especially heinous, cruel, and depraved manner, in that it involved torture and serious physical abuse to D.G. (18 U.S.C. § 3592(c)(6));

MEMORANDUM ORDER - 4

j.     Killed D.G. after substantial planning and premeditation to cause the death of D.G. (18 U.S.C. § 3592(c)(9)); and

k.     His victim, D.G. was particularly vulnerable due to youth, to-wit: D.G. was nine years old (18 U.S.C. § 3592 (c)(11)).

The Death Penalty Notice states that the Government "believes the circumstances of the offenses charged in Counts One, Five, and Seven...are such that, in the event of a conviction, a sentence of death is justified...." (Dkt. No. 11).  The Death Penalty Notice then goes on to detail the factors the Government believes justify a sentence of death to include the four § 3591 intent factors, certain § 3592(c) aggravating factors, and certain § 3593(a) non-statutory aggravating factors.  As to the intent factors and the aggravating factors the Death Penalty Notice is the same as the Special Findings.  As to the non-statutory aggravating factors, the Death Penalty Notice reads as follows:

Under 18 U.S.C. § 3593(a)(2), the following non-statutory aggravating factors apply to each of Counts One, Five and Seven:

1.    **Effect of the Offense on the Victim and the Victim's Family.**
    a.    In committing the offense, the defendant did cause emotional trauma to S.G. in that she witnessed the abuse and death of her brother, D.G., and was told by the defendant about how he killed her mother, Brenda Groene, her brother, Sl.G, and her mother's boyfriend, Mark McKenzie.
    b.    In committing the offense, the defendant did cause emotional trauma to S.G. and her family by depriving them of D.G., Brenda Groene, Sl.G. and Mark McKenzie.

2.    **Future Dangerousness of the Defendant.**  The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others as evidenced by, at least, one or more of the following:
    a.    <u>Continuing Pattern of Violence</u>.  The defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes alleged against the defendant in the Indictment in Counts One, Two, Three, Four, Five, and Seven, and the crimes of which the defendant was previously convicted, as described in paragraphs B2, C1 and C2.
    b.    <u>Admission of Other Crimes Against Children</u>.  The defendant did commit the offense after having previously killed three other children, offenses for which he has not yet been prosecuted, to-wit: The defendant has confessed to killing S.W., age 11, and C.C., age 9.  The children disappeared from Seattle, Washington, on July 6, 1996.  The bones and teeth of these children were

MEMORANDUM ORDER - 5

recovered by law enforcement in February 1998 in Bothell, Washington, and there deaths have been confirmed.  The defendant confessed to abducting and killing A.M.M., age 10, in April of 1997.  A.M.M. disappeared on April 4, 1997, from Beaumont, California.  His body was recovered north of Indio, California, and his death has been confirmed.

c.      <u>Flight Risk</u>.  The defendant poses a future danger to the lives and safety of other persons, as demonstrated by his flight from Fargo, North Dakota, in April 2005 to avoid prosecution in the State of Minnesota on charges that he engaged in criminal sexual contact with a person under 13 and that he engaged in attempted criminal sexual contact with a person under 13, as charged in Case No. K3-05-389 in Becker County, Minnesota.

The United States further gives notice that in support of imposition of the death penalty it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Indictment as they relate to the background and character of the defendant...his moral culpability and the nature and circumstances of the offense charged in the indictment.

(Dkt. No. 11).

B.      <u>Statutory Notice Requirements</u>

The FDPA does not require the Government "to provide any specific type of notice." <u>United States v. Diaz</u>, 2007 WL 196752 *2 (N.D. Cal. Jan. 23, 2007).  The FDPA provision requiring the Government to submit a Death Penalty Notice, 18 U.S.C. § 3593(a), states:

(a)      Notice by the government.--If, in a case involving an offense described in section 3591, the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified under this chapter, the attorney shall, a reasonable time before the trial or before acceptance by the court of a plea of guilty, sign and file with the court, and serve on the defendant, a notice--

(1)      stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and that the government will seek the sentence of death; and

(2)      setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.

MEMORANDUM ORDER - 6

The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information. The court may permit the attorney for the government to amend the notice upon a showing of good cause.

The Death Penalty Notice filed in this case (Dkt. No. 11) satisfies the statutory requirements of § 3593.  It specifies that the Government intends to seek the death penalty and sets forth the § 3591(a) intent factors, the § 3592(c) statutory aggravating factors, and the § 3593 non-statutory aggravating factors. See United States v. Nguyen, 928 F.Supp. 1525, 1549-50 (D. Kan. 1996). "The statute requires no more." Id.

     C.    Constitutional Requirements:

Though the FDPA does not specify specific notice requirements, "the Constitution requires that the defendants be given some notice of the type of evidence the government intends to introduce at the sentencing phase." Llera Plaza, 179 F.Supp.2d 464, 471 (E.D. Penn. 2001) ("18 U.S.C. § 3593(a) does not require the government to produce the details of its sentencing phase evidence, and that Rule 7 is not applicable to [a notice of intent to seek the death penalty] submitted to satisfy FDPA requirements...."). "The Supreme Court has recognized that a defendant's ability to defend against the case presented by the prosecutor, which includes advocating for a particular punishment, is one of the 'hallmarks' of due process." United States v. Rodriguez, 380 F.Supp.2d 1041, 1057 (D.N.D. 2005) (citing Simmons v. South Carolina, 512 U.S. 154, 175 (1994) (O'Connor, J., concurring). "A defendant must not be sentenced to death on the basis of information which he had no opportunity to refute.  Therefore, at a minimum, due process requires a defendant to receive sufficient notice of aggravating factors to enable him to respond and to prepare his case in rebuttal."

MEMORANDUM ORDER - 7

Llera Plaza, 179 F.Supp.2d at 471 (quoting United States v. Kaczynski, No. CR-S-96-250GEB, 1997 WL 716487 *19 (E.D. Cal. Nov. 7, 1997) (unpublished)).

"The Supreme Court has repeatedly affirmed the principle that, [w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Llera Plaza, 179 F.Supp.2d at 472  (citing Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)) (other citations and quotations omitted)).  "This opportunity would hardly be 'meaningful' if the defense were forced to confront sentencing phase evidence without any notice of what that evidence might be.  In order for the government's evidence to be subjected to 'the crucible of meaningful adversarial testing,' ... the [notice of intent to seek the death penalty], in conjunction with the indictment, must inform the defendants of the theories and facts that the government will use to establish each aggravating factor in this case." Id. (citation omitted).  "In evaluating whether due process is satisfied, the Death Penalty Notice must be considered in conjunction with the offenses as charged in the indictment, which can provide the requisite specificity to an otherwise insufficient notice." Llera Plaza, 179 F.Supp.2d 464 at 471. (citations and quotations omitted).

> 1.      § 3591 Intent Factors:

The Notices in this case, the Defendant argues, do not provide meaningful notice of the alleged factual basis for the § 3591 gateway mental states because they use the generic language of the statute without facts particular to this case.  The Defendant contends that the Government's "shotgun" approach fails to provide substantive notice of the factual basis upon which the Government will present evidence to prove the four mental states.

MEMORANDUM ORDER - 8

Defendant points to two cases, <u>United States v. Rodriguez</u>, 380 F.Supp.2d 1041 (D.N.D. 2005) and <u>United States v. Glover</u>, 43 F.Supp.2d 1217 (D. Kan. 1999), for the proposition that the lack of notice requires that the mental state factors be stricken from the Notices.  Both of these courts directed the Government to file amended death penalty notices that articulated the specific factual basis for the allegations in the indictment.  <u>Rodriguez</u>, 380 F.Supp.2d at 1058, <u>Glover</u>, 43 F.Supp.2d at 1233.  The court in <u>Rodriguez</u> followed the other courts in requiring additional specificity from the Government.  <u>Rodriguez</u>, 380 F.Supp.2d at 1057 (determining that "formulating some procedure to require the government's disclosure of its underlying factual basis for certain allegations in the indictment and notice of intent to seek a sentence of death is appropriate.") (citing <u>United States v. Kaczynski</u>, 1997 WL 716487 *20 (E.D. Cal. Nov. 7, 1997) (unpublished); <u>United States v. Llera Plaza</u>, 179 F.Supp.2d 464, 470-72 (E.D. Pa. 2001); <u>United States v. Cooper</u>, 91 F.Supp.2d 90, 101 (D. D.C. 2000); <u>United States v. Glover</u>, 43 F.Supp.2d 1217 (D. Kan.1999)); <u>see also</u> <u>United States v. Diaz</u>, 2007 WL 196752 (N.D. Cal. Jan. 23, 2007).

Though other courts have directed the Government to supplement its notices to add case specific facts, the Court finds the Notices in this case provide the Defendant the notice required by the Constitution.  "The Government is not required to provide specific evidence in its notice of intent."  <u>United States v. Battle</u>, 173 F.3d 1343, 1347 (11th Cir. 1999); <u>see also</u> <u>United States v. Nguyen</u>, 928 F.Supp. 1525, 1545-46 (D. Kan. 1996) (holding Government's notice of intent permissible even though "it list[ed] only the aggravating circumstances and provide[d] no detail about the evidence the government intend[ed] to offer in support").  Here, the Notices coupled with the Indictment, expert and discovery disclosures, along with the briefing on other motions, are sufficient to notify the Defendant of the factual basis the Government intends to rely upon and afford

the Defendant an opportunity to prepare to rebut the evidence that will be presented by the Government.  As to the § 3591 intent factors, the Death Penalty Notice, Special Findings, and Indictment each track the statutory language in alleging each of the mental states and specify against whom the actions were taken.  This case involves only one Defendant and, at least as to the § 3591 intent factors, only one victim.  Moreover, the Defendant's generic arguments are not specific as to the sufficiency, or lack thereof, in the Notices filed here.  Accordingly, the Court will deny the Defendant's motion.

2.      § 3592 Statutory Aggravating Factors:

Here too, the Defendant argues the vague terms used by the Government to allege the § 3592(c) aggravating factors fail to satisfy the due process notice requirements because they lack any factual allegations; citing again to Rodriguez, 380 F.Supp.2d at 1058.

Having reviewed the Notices in this case, the Court again concludes that the Notices are constitutionally sufficient.  The Notices track the statutory language and include a brief comment which identifies to whom or what the particular aggravating factor applies thereby affording the Defendant sufficient information as to the factual basis the Government intends to introduce to establish the existence of each of those aggravating factors.  The Indictment, Death Penalty Notice, expert witness and discovery disclosures, coupled with the briefing on the motions in this case trace the Government's theory of the case.  Further, this case is not factually complex.  While the particular pieces of evidence the Government will use as to each factor and how it will be used would surely aid the defense, the Constitutional notice requirements do not demand that level of specificity.  The Defendant has thus been given adequate notice of the facts the Government will use to establish the statutory aggravating factors.

MEMORANDUM ORDER - 10

3.      § 3593 Non-Statutory Aggravating Factors:

The Defendant challenges that the generalized terms used for the non-statutory aggravating factors of Victim Impact and Future Dangerousness are too vague.

a.      Victim Impact:

Here, the Defendant seeks an order requiring the Government to provide greater specificity as to which members of the family have suffered, the nature of their suffering, and the nature of the harm.  The Government counters that the victim impact factor is in complete accord with the pertinent provisions of § 3593(a) which require that the notice inform the defendant of the factors the Government will propose to justify a death sentence, not the evidence that will be offered.  In addition the Government argues the cases where courts have ordered the Government to provide additional information involved more victims and charges than are present in this case.

In United States v. Cooper, 91 F.Supp.2d 90, 111 (D.D.C. 2000) the court ordered the Government to amend its notice of intent to provide more specifics regarding the victim impact information that would be offered at the penalty phase.  The Government here argues this case is distinct in that it presents simpler facts and charges.  As to this non-aggravating factor, the Death Penalty Notice in this cases states:

Effect of the Offense on the Victim and the Victim's Family.

a.      In committing the offense, the defendant did cause emotional trauma to S.G. in that she witnessed the abuse and death of her brother, D.G., and was told by the defendant about how he killed her mother, Brenda Groene, her brother Sl.G., and her mother's boyfriend, Mark McKenzie.

b.      In committing the offense, the defendant did cause emotional trauma to S.G. and her family by depriving them of D.G., Brenda Groene, S1.G. and Mark McKenzie.

MEMORANDUM ORDER - 11

(Dkt. No. 11).  Though Court is not privy to much of the evidence and information in this case, the above language does not provide substantive information regarding the information the Government will seek to introduce at the penalty phase such that the defense will have an opportunity to prepare to rebut the same.  The limited facts that are known, indicate that there are likely several victims who have been impacted in various different ways by the Defendant's actions in this case. Therefore, the Court finds that additional information on this factor is necessary in order to afford the Defendant sufficient notice to prepare for and respond to the presentation of this information. Accordingly, the Court will direct the Government to submit an outline of its proposed victim impact evidence which summarizes the extent and scope of the injuries and loss suffered by each victim, his or her family members, and other relevant individuals.  Such notice shall be provided on or before April 1, 2008.[2] If necessary, the notice may be filed under seal.

### b.   Future Dangerousness:

The Government argues this factor is sufficiently specific to provide notice to the Defendant that it will offer information that the Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crime alleged against the defendant in the indictment, the crimes of which the defendant was previously convicted and the defendant's admissions to killing three other children in two other states and that the Defendant is a flight risk. (Dkt. No. 11).  The Death Penalty Notice provides substantially greater detail as to the proposed information the Government will seek to introduce on this non-aggravating factor.  The information is specific as to this Defendant and adequately details the Government's evidence.  In addition, the Government has recently provided the defense with its Notice of Expert Testimony as

---

[2]  The Court made this ruling orally during the February 12, 2008 hearing in ruling on the Motion in Limine (Dkt. No. 238).  (Dkt. No. 266).

MEMORANDUM ORDER - 12

to the two future dangerousness experts the Government intends to call during the Selection Phase. (Dkt. No. 279).  Having reviewed the notice and record in this matter, the Court finds that the Defendant has been provided sufficient information to satisfy the constitutional notice requirements as to the alleged future dangerousness evidence the Government intends to offer.

II.    Allegation of Four Mental States

The Defendant argues the indictment and Death Notice improperly allege all four of the mental states set forth in 18 U.S.C. § 3591(a)(2)(A)-(D) and that the Death Notice should be stricken because a person cannot simultaneously possess four different mental states.  Alternatively, the defense contends that to allow all of the possible mental states to be presented to the jury impermissibly skews the process towards death; asking that the Court require the Government to elect one mental state to be submitted to the jury.

During the eligibility portion of the penalty phase in a capital case, the Jury must determine that at least one of the statutory intent elements listed in § 3591(a)(2) is present.  The statutes states that a defendant shall be sentence to death if, after considering the factors set forth in § 3592 in the course of a § 3593 hearing, it is determined that a sentence of death is justified for a person who:

(A)    intentionally killed the victim;

(B)    intentionally inflicted serious bodily injury that resulted in the death of the victim;

(C)    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; or

(D)    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

18 U.S.C. § 3591(a).  The Government maintains that each of the four mental states is distinct and

MEMORANDUM ORDER - 13

the jury can properly conclude a different mental state is applicable to one or more of the three charges in this case that carry the possibility of a death sentence.

The simple fact that the Government has alleged the four mental states in the Indictment and the Death Notice does not provide a basis for striking the Death Notice.  This Court agrees with the several other courts who have concluded that the § 3591(a) factors under the FDPA are not aggravating factors that the jury weighs in making a sentencing recommendation and the inclusion of more than one of these factors is not double counting or impermissibly skewing the jury's selection process.  See e.g. United States v. Webster, 162 F.3d 308 (5th Cir. 1998) ("[Section] 3591(a) does not set forth aggravating factors, but rather serves as a preliminary qualification threshold. The fact that a defendant could satisfy more than one of these via the same course of action does not, therefore, constitute impermissible double counting.").  If the jury finds one or all four of the preliminary threshold factors exist, the jury then moves into the second phase of the sentencing proceedings starting with a clean slate to weigh the aggravating and mitigating factors separately.  See e.g. United States v. O'Reilly, 2007 WL 2420830 *3 (citing cases).  "[E]ven if one preliminary threshold factor "necessarily subsumes" another, this does not lead to an unconstitutional duplication of aggravating factors, or a skewed weighing in favor of the death penalty."  O'Reilly (citing United States v. Cheever, 423 F.Supp.2d 1181, 1200 (D. KAN. 2006)); see also United States v. Cooper, 91 F.Supp.2d 90, 110 (D.D.C. 2000) ("the intent elements are not aggravating factors to be weighed against mitigating factors.  If the jury finds one or all four of the factors, there is no risk of skewing because the jury finds intent, and then starts with a clean slate in evaluating separate aggravating factors.") (citing United States v. Webster, 162 F.3d 308, 355 (5th Cir. 1998)).  Accordingly, the motion is denied as to this argument.

MEMORANDUM ORDER - 14

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Declare the Federal Death Penalty Act Unconstitutional and to Strike the Death Penalty Notice for Inadequate Notice. (Dkt. No. 116).

The Motion is denied as to the request to strike and/or dismiss the Death Penalty Notice. The motion is granted as to the request for additional specificity as to the non-aggravating factor of victim impact. The Government shall provide such notice as detailed above on or before April 1, 2008 as the Court previously ordered. The remainder of the motion is denied.

DATED:  **March 6, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 15