UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-07-23-N-EJL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | MEMORANDUM ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court in the above-entitled matter is the Defendant, Joseph Edward Duncan, III, motion to proceed *pro se*.  On July 28, 2008 the Court held a hearing on the motion and orally granted the motion.  This order memorializes the Court's ruling in writing.

### Factual and Procedural Background

Immediately prior to the beginning of the individual *voir dire*, on Wednesday, April 16, 2008, the Defendant, through his counsel, orally moved the Court to represent himself and waive his right to counsel for the sentencing portion of these proceedings. The Court took the motion under advisement and a hearing on the motion was held on April 18, 2008.  At that hearing, the Defendant stated on the record that his ideological

**Memorandum Order - 1**

differences with counsel have motivated his request to proceed *pro se*.[1]  The Court advised the Defendant of the pitfalls and disadvantages of self-representation.  The Court then ordered two mental evaluations.  On July 24, 2008, the Court entered an Order finding Mr. Duncan competent to proceed.  (Dkt. Nos. 493, 494).  A second hearing was held on July 28, 2008 where the Court again advised Mr. Duncan of the pitfalls and disadvantages of self-representation to which Mr. Duncan expressed his knowing, voluntary, and unequivocal desire to waive his right to counsel and represent himself in this matter.

### Analysis

I.    <u>Waiver of Right to Counsel and Election of Self-Representation</u>

The Sixth Amendment ensures defendants a constitutional right to represent themselves and proceed *pro se*.  <u>Faretta v. California</u>, 422 U.S. 806, 807 (1975) (Encompassed within the constitutional right to effective assistance of counsel is the defendant's right to waive such assistance and proceed *pro se*.); <u>see also</u> 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").  This right to self-representation exists during the penalty phase of a capital case.  <u>See</u> <u>United States v. Davis</u>, 285 F.3d 378 (5th Cir. 2002). In applying <u>Faretta</u>, the Ninth Circuit "has developed the rule that '[a] criminal

---

[1]  Other than the "ideological" differences, which were not explained in detail, Mr. Duncan has not indicated any dissatisfaction with his current counsel's representation.

**Memorandum Order - 2**

defendant's assertion of his right to self-representation must be timely and not for purposes of delay; it must also be unequivocal, as well as voluntary and intelligent.'" United States v. Kaczynski, 239 F.3d 1108, 1116 (9th Cir. 2001) (citing United States v. Hernandez, 203 F.3d 614, 620 (9th Cir. 2000); see also Faretta, 422 U.S. at 835 (defendant "clearly and unequivocally" request to forego counsel).  This right of self-representation, however, is not absolute.  See Indiana v. Edwards, 128 S.Ct. 2379, 2384 (2008) (citations omitted).

After finding Mr. Duncan to be competent to proceed, a hearing was held on July 28, 2008 where the Court again advised Mr. Duncan of the pitfalls and disadvantages of self-representation.   Godinez at 400 ("must satisfy itself that the waiver of his constitutional rights is knowing and voluntary.").[2]  Mr. Duncan clearly and unequivocally expressed his desire to waive his right to counsel and chose instead to represent himself in spite of the Court's admonishments against doing so in a case of this nature.   Mr. Duncan responded to the Court's questions without hesitation or reservation and with fully coherent and thoughtful responses indicating his clear understanding of the dangers of self-representation and his voluntary election to exercise his Sixth Amendment right to represent himself.  The Court finds Mr. Duncan has knowingly and voluntarily waived the right to counsel.  The Court also finds Mr. Duncan's waiver is unequivocal and

---

[2]  On April 18, 2008, the Court held a hearing on the Defendant's request to proceed *pro se* in order to address the pitfalls and disadvantages of self-representation with the Defendant.  At the hearing, the Court inquired of Mr. Duncan regarding the motion and advised him of the pitfalls and disadvantages of self-representation.  Mr. Duncan acknowledged that he was aware of the dangers and that he still desired to go forward *pro se*.

**Memorandum Order - 3**

intelligently made.  Therefore, The Court grants the Defendant's oral motion to represent himself.

II.   Indiana v. Edwards

The Supreme Court recently issued its decision in Indiana v. Edwards, where the Court held that in the case of a criminal defendant who has sufficient mental competence to stand trial, "the Constitution permits a State to limit that defendant's self-representation right by insisting upon representation by counsel at trial – on the ground that the defendant lacks the mental capacity to conduct his trial defense unless represented."  128 S.Ct. 2379, 2385-86 (2008).[3]  The Supreme Court framed the issue as a question of "whether the Constitution permits a State to limit that defendant's self-representation right by insisting upon representation by counsel at trial – on the ground that the defendant lacks the mental capacity to conduct his trial defense unless represented." Indiana v. Edwards, 128 S.Ct. at 2385.  Stated differently, the "mental-illness-related limitation on the scope of the self-representation right."  Indiana v. Edwards, 128 S.Ct. at 2384.  Ultimately, the Supreme Court concluded that a defendant's self-representation right can be limited by the court insisting upon representation by counsel at trial where the "defendant lacks the mental capacity to conduct his trial defense unless represented." Indiana v. Edwards, 128 S.Ct. at 2385-86.

---

[3]  The case here presents a somewhat different scenario from Indiana v. Edwards in that Mr. Duncan has already plead guilty and, thus, these are not trial proceedings per se but, instead, the penalty phase of this death penalty case.  The Court finds this to be a distinction without a difference.  The nature of the penalty phase will place upon Mr. Duncan many of the demands that he would face in a trial setting and in some instances may present even more complex issues than a trial.  Not to mention the fact that the outcome of the penalty phase carries the potential sentence of death.

**Memorandum Order - 4**

Having assured itself of Mr. Duncan's competence to go forward and that he has voluntarily and knowingly waived his right to counsel, the Court considered whether Mr. Duncan lacks the mental capacity to conduct his trial defense unless represented by counsel.  At the July 28, 2008 hearing, Mr. Duncan clearly expressed his desire to voluntarily waive his right to counsel.  The Court considered whether or not Mr. Duncan has the capacity to carry out the basic tasks needed to present his own defense without the help of counsel such that the trial would be fundamentally unfair.  <u>Indiana v. Edwards</u>, 128 S.Ct. at 2387 (concluding that the proceedings "must not only be fair, they must 'appear fair to all who observe them.'") (citation omitted).

As the Court explained at the hearing, the waiver of counsel can be overridden if the Court determines that there are unusual circumstances that would or may deprive Mr. Duncan of a fair trial if he were allowed to conduct his own defense, that Mr. Duncan is unable to carry out the basic tasks needed to present his defense without the help of counsel, or after making a realistic assessment of his mental capacities the Court is convinced that he is not competent to conduct trial proceedings by himself.

The Supreme Court in <u>Indiana v. Edwards</u> directs that this inquiry is to be done on a case-by-case basis with the court taking "a realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so.  That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under <u>Dusky</u> but who still suffer from severe mental illness to the point where they are not

**Memorandum Order - 5**

competent to conduct trial proceedings by themselves." Indiana v. Edwards, 128 S.Ct. at 2388 (rejecting the State's proposed rule to bar self-representation in certain instances in favor of a case-by-case determination). Having conducted such an inquiry, this Court determines that there are not any unusual circumstances that would prevent Mr. Duncan from having a fair trial representing himself. See Indiana v. Edwards, 128 S.Ct. at 2387. The Court took into consideration the obvious fact that this is a capital case carrying the potential ultimate sentence of death and the surrounding circumstances of this case. The Court advised Mr. Duncan repeatedly of this fact and of the procedures that will be followed during the Penalty Phase of this case.

Unlike in the case of Indiana v. Edwards where the defendant was termed a "grey-area defendant," in this case, Mr. Duncan is fully competent and able to knowingly, voluntarily, and intelligently waive his right to counsel and elect to exercise his Sixth Amendment right to represent himself. Multiple mental evaluations were conducted and considered in addition to a barrage of other information supplied by the parties in reaching this conclusion. See e.g. (Dkt. Nos. 493, 494). Mr. Duncan is educated and familiar with criminal proceedings. At the hearing, Mr. Duncan indicated that he will abide by the applicable rules, procedures, and parameters of the Court. While those not standing in his shoes may not make the same decision, Mr. Duncan's decision to exercise his Sixth Amendment right is his and his alone. See Faretta, *supra*, at 819-20 ("The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails."). The Court has determined Mr. Duncan to be competent and fully advised

Memorandum Order - 6

and cautioned him regarding his choice.  As such, the Court will not infringe upon Mr. Duncan's Sixth Amendment right and will grant his request to proceed *pro se*.

Based on the fact this case is complex and involves the possibility of the imposition of the death penalty, the Court finds it appropriate to appoint standby counsel to assist Mr. Duncan.  At the hearing, the Court advised Mr. Duncan of the benefits of having standby counsel and asked Mr. Duncan whether he had considered this possibility. Mr. Duncan responded that he had discussed at some length on a couple of different occasions the possibility of who would be standby counsel and that he was "comfortable with current counsel being standby counsel."  (Rough Transcript, July 28, 2008, p. 18). Accordingly, the Court appointed all three current defense counsel as standby counsel to assure the integrity and efficiency of a fair trial in this matter.  Id. at p. 27.  The record will reflect that Mr. Duncan is proceeding *pro se* and that the Court has appointed current defense counsel to serve as standby counsel.  Mr. Duncan shall be named as counsel and shall be served with all future filings in this matter (CR07-23-N-EJL) and in the related matter (MC08-6420).  (Dkt. No. 500).  Standby counsel shall also continued to be served with all filings in this matter.  The Court further cautioned Mr. Duncan that the constitutional right to self-representation is not without limitation and the Court expressly reserved the right to direct standby counsel to step in if necessary as these proceedings progress.  See Indiana v. Edwards, 128 S.Ct. at 2384.[4]

---

[4] Courts have the authority to deny self-representation to avoid abuse of the dignity of the courtroom, to ensure compliance with relevant rules of procedure and substantive law, to prevent a defendant from engaging in serious and obstructionist misconduct.  See Indiana v. Edwards, 128 S.Ct. at 2384 (citing cases).

**Memorandum Order - 7**

III.   Role of Standby Counsel

At the July 28, 2008 hearing, standby counsel inquired of the Court as to their role. The role of standby counsel has been addressed previously by several courts including the Supreme Court who explained that a defendant's Sixth Amendment right to waive counsel and conduct his own defense

> encompasses certain specific rights to have his voice heard. The *pro se* defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in *voir dire*, to question witnesses, and to address the court and the jury at appropriate points in the trial.

McKaskle v. Wiggins, 465 U.S. 168, 174 (1984).  "In Wiggins, the Supreme Court considered the scope of a *pro se* defendant's Sixth Amendment prerogatives when the court, unsolicited by the defendant, has appointed standby counsel.  Noting that 'the primary focus must be on whether the defendant had a fair chance to present his case in his own way,' [citation omitted] the Court outlined two general limitations on the extent of standby counsel's unsolicited participation at trial:

> First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury.  This is the core of the Faretta right.  If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance, the Faretta right is eroded.

> Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself.  The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to

**Memorandum Order - 8**

appear *pro se* exists to affirm the accused's individual dignity and autonomy.... From the jury's perspective, the message conveyed by the defense may depend as much on the messenger as on the message itself. From the defendant's own point of view, the right to appear *pro se* can lose much of its importance if only the lawyers in the courtroom know that the right is being exercised.

United States v. Mills, 895 F.2d 897, 902 (2nd Cir. 1990) (quoting Wiggins, 465 U.S. at 178-79). "The Supreme Court makes clear in Wiggins that:

Faretta rights are ... not infringed when standby counsel assists the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure. In neither case is there any significant interference with the defendant's actual control over the presentation of his defense.

United States v. McDermott, 64 F.3d 1448, 1453 (10th Cir. 1995) (quoting Wiggins, 465 U.S. at 183).[5]

In light of the foregoing, the Court concludes that in response to standby counsels' request concerning procedural matters and duties in representing Mr. Duncan, it is Mr. Duncan's responsibility to represent himself and that it appear to the jury that he is representing himself. Standby counsels' role is to assist Mr. Duncan in his defense as necessary. To this end, standby counsel shall make available to Mr. Duncan any and all discovery and defense materials when requested by Mr. Duncan. Having exercised his

---

[5] In McDermott, the Tenth Circuit did ultimately grant the defendant a new trial concluding that the exclusion of the defendant, over his objection, from thirty bench conferences violated his Sixth Amendment right. McDermott, 64 F.3d at 1454.

**Memorandum Order - 9**

constitutional right to represent himself, it is Mr. Duncan's right and choice to control his defense and the presentation of his defense.  See Faretta, *supra*, at 819-20 ("The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.").  For those reasons, standby counsel will not be seated at counsel tables but will be seated behind Mr. Duncan against the courtroom wall.  Discussions between Mr. Duncan and standby counsel should take place at recesses and evenings unless otherwise permitted by the Court.

IV.    *Voir Dire* Proceedings

At the July 28, 2008 hearing, the Court inquired of Mr. Duncan regarding whether Mr. Duncan would stipulate to waive his right to conduct individual *voir dire* of the twenty-six potential jurors who have been previously interviewed in this case.  Mr. Duncan waived his right to conduct his own *voir dire* of these twenty-six potential jurors and accepted these twenty-six individuals as potential jurors in this matter.  Mr. Duncan also told the Court that he was ready to proceed.

Accordingly, jury selection shall resume on Wednesday, August 6, 2008 at 9:30 a.m. (MST) in Boise, Idaho.  The Court will first call back the twenty-six potential jurors who have been previously passed for cause for a limited inquiry as to their continuing qualification to serve as a juror in this matter and whether there previous responses would change in any way in light of the fact that Mr. Duncan has now elected to represent himself.  These potential jurors will be called back in a group initially and, if necessary, follow up questions will be asked of the potential jurors individually.  On Thursday,

**Memorandum Order - 10**

August 7, 2008 at 9:00 a.m. (MST) the Court will resume the individual *voir dire* of potential jurors at the point where it left off before jury selection was suspended.  Jury selection will continue each day thereafter, excluding weekends, starting at 9:00 a.m. (MST) until the requisite number of potential jurors have been qualified or unless otherwise ordered by the Court.  In order to protect the privacy of the potential jurors, the names of the particular potential jurors to be called will be made available to counsel and Mr. Duncan under seal.

As to the remaining *voir dire*, the Court also inquired of Mr. Duncan whether he desired to conduct his own *voir dire* or to have his standby counsel do so.  After conferring with counsel, Mr. Duncan stated that his first preference would be for the Court to conduct the *voir dire* and his second preference would be for his standby counsel to complete *voir dire*.  Mr. Duncan referenced "some concern about the legality of allowing counsel to continue with the *voir dire* on my behalf."  (Rough Transcript, July 28, 2008, p. 15).  Counsel indicated they would be willing to brief the issue.  The Court directs the parties to file briefing on the question of whether standby counsel can conduct *voir dire* on behalf of a *pro se* defendant and file the same on or before Friday, August 1, 2008 at noon (MST).

**Memorandum Order - 11**

# ORDER

THEREFORE IT IS HERE BY ORDERED as follows:

1)   Defendant's Motion for Self-Representation (Dkt. No. 398) is **GRANTED**.

2)   Defense Counsel are **HEREBY APPOINTED** as Standby counsel in this matter.  Standby counsel shall continued to be served with all filings in this matter.

3)   Defendant shall be named as counsel and shall be **SERVED** with all future filings in this matter by the Clerk of the Court.

4)   Jury Selection shall resume, as directed above, on **Wednesday, August 6, 2008 at 9:30 a.m. (MST)** in Boise, Idaho.

5)   The parties shall file briefing on the question of whether standby counsel can conduct *voir dire* on behalf of a *pro se* defendant and file the same on or before **Friday, August 1, 2008 at noon (MST)**.

DATED:  **July 29, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**Memorandum Order - 12**