IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br>THE SPOKESMAN-REVIEW, THE<br>ASSOCIATED PRESS, THE IDAHO<br>STATESMAN, IDAHO PRESS CLUB,<br>IDAHO NEWSPAPER FOUNDATION,<br>IDAHOANS FOR OPENNESS IN<br>GOVERNMENT, IDAHO ALLIED DAILIES,<br>IDAHO STATE BROADCASTERS<br>ASSOCIATION, BOISE STATE RADIO,<br>KHQ-TV, KREM-TV, KXLY-TV, KTVB-TV,<br>KTRV-TV, KBCI-TV and KIVI-TV<br>　　　　　　　　　　　　Movants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CASE NO. MC 08-6420-S-EJL<br>　RELATED CASE NO. CR07-23-N-EJL<br>　MEMORANDUM ORDER |

Before the Court are two motions by sixteen Media outlets (collectively "the Media") for access to sealed documents that are or will be filed in United States of America v. Joseph Edward Duncan, III, CR07-23-N-EJL (hereinafter "United States v. Duncan"). (Dkt. Nos. 3 and 8). The Media has also filed a motion for reconsideration. The Media's motions are based on both the common law and First Amendment right of access and seek access to sealed documents filed in the case. The Media also objects to allowing the parties discretion in determining whether to file records under seal and advocating the use of a four part procedure for sealing of a document.[1] The parties have briefed the issue and the matter is now ripe for the Court's consideration.

---

[1] In re Time, Inc., 182 F.3d 270-71 (4th Cir. 1999) deliniated a process for sealing of records requiring the Court to 1) provide public notice that the sealing of documents may be ordered; 2) provide interested persons an opportunity to object before sealing is ordered; 3) state the reasons, supported with specific findings, for its decision if it decides to seal documents; and 4) state why it rejected alternatives to sealing. (citation omitted).

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

**Analysis**

I.    Common Law Right of Access

"We have long recognized the public's and the media's common-law right to inspect and copy judicial records and documents."  United States v. Kaczynski, 154 F.3d 930, 931 (9th Cir. 1998) (citations omitted).  "To assert the common-law right of access, the media is required to make a threshold showing of a legitimate need for disclosure.  Once that showing has been made, the court must balance the media's asserted need against any asserted reasons for confidentiality."  Id.  The common law right of access to court proceedings and documents "is not absolute ... nor is it given the same level of protection accorded constitutional rights."  United States v. Schlette, 842 F.2d 1574, 1582 (9th Cir. 1988).  Instead, the common law right of access is subject to the balancing of interests.  See Schlette, 842 F.2d at 1576-77, 1581.

II.   First Amendment Right of Access

The First Amendment Constitutional right of access affords the public greater protection than the common law right of access balancing test.  United States v. McVeigh, 119 F.3d 806, 812 (10th Cir. 1997).  In determining whether a document is included within the First Amendment right of access, the Court must consider 1) whether the document is one which has historically been open

Memorandum Order - 2

to public inspection by the press and the public and 2) "whether public access plays a significant positive role in the functioning of the particular process in question." McVeigh, 119 F.3d at 812 (quoting Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8) (1986).  If these inquiries reveal that the First Amendment applies to the document in question, then the documents may only be sealed where the First Amendment right of access is overcome by showing a compelling interest that no alternative will adequately protect.  Id.; see also Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607 (1982); Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466  (9th Cir. 1990).[2]

        "The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied:  (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.  The court must not base its decision on conclusory assertions alone, but must make specific factual findings." Oregonian Publishing, 920 F.2d at 1466 (citing Press-Enterprise II, 478 U.S. at 13-15).

        "The right 'to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files have become a

------

[2]

"Generally when courts decide issues involving the press's right to access they resolve them on First Amendment grounds rather than on the less protective common law basis." Kaczynski, 154 F.3d at 932-33 (Reinhardt, concurring) (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13 (1986); Globe Newspaper, 457 U.S. at 602; Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980); Oregonian, 920 F.2d at 1465-67; Seattle Times v. United States Dist. Court, 845 F.2d 1513, 1515-19 (9th Cir. 1988); Associated Press v. United States Dist. Court, 705 F.2d 1143, 1147 (9th Cir. 1983)).

vehicle for improper purposes.'" McClatchy, 288 F.3d at 373-74 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). "Courts have properly refused to permit their files to serve as reservoirs of libelous statements for press consumption or as sources of business information that might harm a litigant's competitive standing." Id. (quotations omitted).  "[T]he need to protect individual privacy rights may, in some circumstances, rise to the level of a substantial governmental interest and defeat First Amendment right of access claims."  Id. (citing cases).[3]  "The Supreme Court has noted that the American view of the right to inspect and copy court documents is in contrast with English practice and embraces as an interest compelling disclosure 'the citizen's desire to keep a watchful eye on the workings of public agencies' and 'a newspaper publisher's intention to publish information concerning the operation of government.'" Id.  (quoting Nixon, 435 U.S. at 598).

## Discussion

I.     Exhibit D to Docket Number 400:

In the Government's briefing responding to the Defendant's motion to proceed *pro se*, the Government attached Exhibit D which it refers to as "defendant's correspondence with friends after court proceedings and his mental testing in this case also indicates that he has a rational and factual understanding of the proceedings.  He has been able to comment on the proceedings, to identify the

_____

[3]

Globe Newspaper v. Superior Court, 457 U.S. 596, 607 (1982) ("the protection of minor victims of sex crimes from further trauma and embarrassment." ); Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 511 (1984) (the governmental interest in protecting the privacy of jurors); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35-36 (1984) (the governmental interest in preventing abuse of the civil discovery process); Times-Mirror Company v. United States, 873 F.2d 1210, 1215-16 (9th Cir. 1989) (the governmental interest in not tipping off suspects by disclosure of search warrants).

persons at the proceedings and to indicate his view of the proceedings." (CR07-23-N-EJL, Dkt. No. 400, p. 10).  The Media has requested access to Exhibit D, which the Government filed under seal, pointing to the common law and First Amendment right of access to court records filed in criminal proceedings.  Standby counsel asserts that Exhibit D should remain under seal, at least until the time of any competency hearing, noting that "individuals who are in custody have a right not to have the media review their private correspondence; therefore until such materials become germane at a public hearing regarding Mr. Duncan's competency or a trial, it would be inappropriate for them to be publicly revealed...revealing those letters, without complete disclosure of all materials relating to the issue of competency, would present an incomplete record to the public." (Dkt. No. 20, p. 10). The Government objects to the unsealing of the exhibit "until the jury has been empaneled and the sentencing hearing has begun." (Dkt. No. 15, p. 3).  Thereafter, the Government states that properly redacted, this exhibit may be subject to unsealing.

The Media's request for access to Exhibit D is made so that the public can be informed and to ensure that a watchful eye is kept on the operations and workings of the Court and the criminal justice system.  The Court does not question the validity nor importance of this purpose.  Just the opposite, this Court recognizes the public's legitimate interest to access documents and information bearing on the workings of the criminal justice system.  Kaczynski, 154 F.3d at 932.  However, the request at this stage of the proceedings in this case is premature in contrast to the case law cited by the Media.

Though the Media is not privy to these documents, the Media's interests are well represented in their briefing and the Court has considered the same in issuing its ruling on the request.  The

Memorandum Order - 5
08/orders/duncan_media_requests

substance of Exhibit D was not a significant factor in the Court's determination of the Defendant's competency and/or in ruling on Mr. Duncan's motion to proceed *pro se*.  Further, the Court has considered the countervailing privacy interests of individuals not a party to this action but who are a party to Exhibit D.  These are private individuals; not public officials or members of public agencies who have subjected themselves to public scrutiny.  While the privacy interests of these individuals could possibly be met by redaction of the documents, the Court concludes that at this stage in the proceedings the unsealing of Exhibit D is premature. The Court has reviewed the sealed document requested by the Media and determined it is properly sealed as it is non-public criminal discovery material involving individuals not party in this matter.

Further, the Court has a legitimate concern with protecting the compelling interest of a fair trial by impartial jurors.  The attachment is appropriately filed under seal as it relates to potential testimony and/or evidence that may be presented in this matter or, alternatively, could be deemed inadmissible; as such, Exhibit D is not yet germane to the issues.  McVeigh, 119 F.3d at 813 (the public is not entitled to access inadmissible evidence).  Though true that the Court has admonished the pool of potential jurors to avoid publicity over this case, the nature of this case demands that the Court take measures to ensure a fair trial.  Thus, at this time, there are no less restrictive alternatives available to the sealing of this document to avoid the release of potential evidence.  Accordingly, the Court will deny the request to unseal Exhibit D.  (Dkt. No. 8).

II.     Docket Numbers 63, 112, 159, 171:

The parties appear to be in agreement that Docket Numbers 63, 112, 159, 171 should be unsealed.  This agreement does not include the unsealing of the attachments related to those

documents to which the Government opposes unsealing.  The Court has reviewed the documents and agrees with the parties that Documents, Docket Numbers 63, 112, 159, and 171 in CR07-23-EJL should be and are hereby unsealed.  The related attachments, however, shall not be unsealed.  The privacy concerns of the sole surviving minor victim preclude the disclosure of these attachments.

III.   Mental Competency Evaluation:

The Media's initial motion requesting access to the mental competency evaluation  stated that it "will be a key consideration for the Court in determining whether to allow Mr. Duncan to proceed in this death penalty case *pro se* and the consequent significant impact such *pro se* representation could have on how the case is handled in the courtroom, including confrontation of witnesses."  (Dkt. No. 8, p. 4).  The Court entered a limited Order denying the Media's request for access.  (Dkt. No. 11).

The Media has now filed a motion for reconsideration asking that the mental competency evaluation of Dr. Engle be unsealed.  (Dkt. No. 18).  Thereafter the defense filed an opposition to the Media's request arguing the evaluation should remain sealed, at least until any competency hearing was held, because "[d]isclosure of that single report in the public record would create an imbalanced, skewed context, given that other reports supplied by defense experts remain under seal."  (Dkt. No. 20).  Since the filing of the initial motion, the Court has found Mr. Duncan to be competent and granted his request to proceed *pro se*.        In support of its initial motion, the Media cited to Ashworth v. Bagley, 351 F.Supp.2d 786 (S.D. Ohio 2005) where the court determined that the public's common law right of access outweighed the defendant's interest in

sealing competency evaluations introduced in a habeas corpus proceeding in a death penalty case. In this Court's initial Order denying access (Dkt. No. 11), the Court distinguished <u>Ashworth</u> by noting that "a litigant has less interest in privacy over such information during habeas corpus proceedings than the same litigant has during the pretrial and trial stages of his criminal proceedings." (Dkt. No. 11, p. 4) (quoting <u>Ashworth</u>, 351 F.Supp.2d at 792)). The Court further concluded that the competency evaluation is properly sealed in this matter in order to protect the privacy interests of Mr. Duncan as it relates to matters involving his mental health. (Dkt. No. 11, p. 4 (citing <u>United States v. McVeigh</u>, 918 F.Supp. 1452, 1467 (W.D. Okla. 1996)).

The Court has again reviewed the arguments of the parties and Dr. Engle's report and concludes that it remains properly sealed at this time. Dr. Engle's report was sought by the Court to resolve the question of Mr. Duncan's competency in this matter. Although the competency question has been resolved, the basis for sealing the report from Dr. Engle remains. Mr. Duncan retains a right to privacy in his medical and mental records at this stage in these proceedings. <u>See</u> <u>Doe v. Delie</u>, 257 F.3d 309, 315 (3rd Cir. 2001); <u>Ashworth</u>, 351 F.Supp.2d at 789 (citing cases) ("Mental evaluations...are traditionally kept from the public eye during pretrial and trial stages of the criminal proceeding."); <u>McVeigh</u>, 918 F.Supp. at 1466. The Media argues in its motion for reconsideration, that the report should be unsealed because Mr. Duncan has waived any protected privacy interests he has based on the positions taken by counsel at the July 17, 2008 hearing and because the Court has repeatedly cautioned the jury to avoid media coverage in this case.

Subsequent to the July 17, 2008 hearing, the Court found Mr. Duncan to be competent (Dkt. Nos. 482, 483) and  granting Mr. Duncan's request to proceed *pro se* (Dkt. Nos. 499, 500).

Memorandum Order - 8
08/orders/duncan_media_requests

Representations made by now standby counsel can not be construed as a waiver by Mr. Duncan. Further, the Court's admonishments to the jury cited by the Media do not address Mr. Duncan's privacy concerns. The Media has cited no other authority for unsealing the mental competency evaluations in their motion for reconsideration. Accordingly, the motion for access and motion for reconsideration are denied. The report of Dr. Engle shall remain sealed.

IV.   <u>Affidavit of Steven V.G.</u>:

In responding to the Media's request for open court proceedings, the Government filed an affidavit of Steven V.G. under seal. (Dkt. No. 5). The document was provided to counsel for the Media. The Media has reviewed the document and argues that it should be unsealed with the names of the individuals included therein redacted. (Dkt. No. 27). The Government states that it "supports the Groene family's request that [the] letter and affidavit remain sealed." (Dkt. No. 15, p. 2).

This document is distinct from the other records requested by the Media in that it has not been filed in the criminal case, CR07-23-N-EJL, but only been filed in the miscellaneous case, MC08-6420-S-EJL. Moreover, the document has been provided to the Media who was then able to address the same in its reply brief. The Court too has reviewed the document and concludes quite simply that nothing is to be gained from its disclosure at this time. Moreover, the sealing of this document serves a higher value that overrides the public right of access. <u>See</u> <u>United States v. McVeigh</u>, 918 F.Supp. 1452, 1463-64 (W.D. Okla. 1996) (noting that "the interests of persons other than the accused may require protection as, for example, the protection of victims of sex crimes....") (citing <u>Globe Newspaper</u>, *supra*); <u>see also</u> <u>McClatchy</u>, *supra* ("The right 'to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files,

Memorandum Order - 9

and access has been denied where court files have become a vehicle for improper purposes.'")

(quoting <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 598 (1978); <u>Ashworth</u>, 351

F.Supp.2d at 789. "[T]he need to protect individual privacy rights may, in some circumstances, rise

to the level of a substantial governmental interest and defeat First Amendment right of access

claims." <u>McClatchy</u>, *supra* (citing cases). Accordingly, the Court denies the Media's motion as to

Docket Number 5.

V.      <u>Procedure for Filing Under Seal</u>:

The Media's motion is based, in part, on Local Civil Rule 5.3[4] which states:

**(a)  General Provisions**

(1)  Motion to File Under Seal.  Counsel seeking to file a document under seal shall file an ex parte motion to seal, along with supporting memorandum and proposed order, and file the document with the Clerk of Court.  Said motion must contain "MOTION TO SEAL" in bold letters in the caption of the pleading.

(2)  Public Information.  The motion to seal will be noted in the public record of the Court.  However, the filing party or the Clerk of Court shall be responsible for restricting public access to the sealed documents, as ordered by the Court.

Though many of the documents in this case have been filed under seal, the parties in this case have

only recently began to follow the Local Rule for sealed filings.  As a result, much of the record has

been sealed from the public without notice and specific findings as to the basis for the documents

being sealed and that no alternatives exists.  The parties are ordered to comply with the applicable

Local Rules and make the requisite showing before making filings under seal.

_____

[4] Local Criminal Rule 1.1(f) incorporates the general provisions of the Local Civil Rules unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedures or Local Criminal Rules.

Memorandum Order - 10

08/orders/duncan_media_requests

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court HEREBY

**GRANTS IN PART AND DENIES IN PART** the Motions for Access (Dkt. Nos. 3 and 8) as

follows:

1)  The Motions are **DENIED** as to Docket Number 400, Exhibit D (CR07-23-N-EJL).

2) The Motions are **GRANTED** as to Docket Numbers 63, 112, 159, 171 (CR07-23-N-EJL).

These Documents (Dkt. No. 63, 112, 159, 171) are **UNSEALED**.

3)  The Motions are **DENIED** as to the Sealed Attachments relating to Docket Numbers 63,

112, 159, 171 (CR07-23-N-EJL).

4)  The Motions are **DENIED** as to Docket Number 420 (CR07-23-N-EJL).

5)  The Motions are **DENIED** at to Docket Number 5 (MC08-6420-S-EJL).

IT IS FURTHER ORDERED that the Motion for Reconsideration (Dkt. No. 18) is **DENIED**.

The Clerk of the Court is directed to file this Order in both MC08-6420-S-EJL and CR07-23-

N-EJL.  The Order shall be filed in the normal course and served upon all parties.



DATED:  **August 5, 2008**

_____
Honorable Edward J. Lodge
U. S. District Judge

Memorandum Order - 11