UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR No. 07-023-N-EJL |
| Plaintiff, | ) | |
| | ) | MEMORANDUM ORDER |
| vs. | ) | |
| | ) | |
| JOSEPH EDWARD DUNCAN, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a Stipulation of the parties to close the courtroom during the testimony of the minor victim in this matter and for a protective order to be issued to protect the name and other identifying information of the minor victim pursuant to 18 U.S.C. § 3509(d) and (e).  In addition, the Guardian *ad litem* has filed a motion for protective order as to the minor victim which the Government has joined.  The motions were all filed under seal.  Following the filing of these motions the Defendant entered a plea of guilty and the parties advised the Court that they were attempting to cooperate in terms of how and/or whether the minor victim's testimony would be offered in this matter.  The Government filed a motion for status conference to address, among other things, these motions because the parties had been unable to reach a stipulation.  The Defendant responded to the motions and the request for a status conference.

The Court held a status conference on March 26, 2008 where it directed counsel to resolve the issues surrounding the minor victim's potential testimony.  If they were unable to do so and the witness would have to testify, the Court indicated that the procedure it may follow for the testimony would be for the courtroom to be sealed to the public, the minor victim would then testify in the

same manner as any other case but that she would be allowed to have an adult attendant at her side while she testified.  Thereafter, a transcript of the testimony would be prepared and given to the media as soon as possible.  The Court has now had the benefit of reviewing the arguments and briefing of the parties and the Media, filed in MC08-6420-S-EJL, on this issue and finds as follows.

**Discussion**

I.      Closing the Courtroom

The motions at issue are made pursuant to 18 U.S.C. § 3509(e) which states:

(e) Closing the courtroom.--When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

The motions seek closure of the courtroom during the testimony of the minor victim in this matter to all persons, including the media, with the exception of witnesses, court personnel, the parties, and attorneys in order to preserve the personal dignity of the victim, prevent undue embarrassment, and safe-guard the victim's physical and psychological well-being.  In addition, the parties agree that a transcript of the testimony should be made available to the public.  The parties argue this procedure for introducing the minor victim's testimony is narrowly tailored to ensure the closure is no broader than necessary to protect the compelling interests in this case and has no reasonable alternatives.  The Court agrees and finds that by closing the courtroom during this witnesses testimony and providing a written transcript of the same to the media is narrowly tailored to best serve to protect the interests of the victim while still ensuring the Defendant's Sixth Amendment

rights and the public's First Amendment rights are protected.[1]

"The Sixth Amendment guarantees that a defendant shall enjoy 'the right to a speedy and public trial.' The public trial guarantee was created for the benefit of defendants. It discourages perjury and ensures that judges, lawyers and witnesses carry out their respective functions responsibly." United States v. Sherlock, 962 F.2d 1349, 1356 (9th Cir. 1989) (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)) (citations omitted). "Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." Id. (citing Gannett Co. v. DePasquale, 443 U.S. 368, 383 (1979); Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 605-06 (1982)). "The right to a public trial, however, is not absolute and must give way in some cases to other interests essential to the fair administration of justice." Sherlock, 962 F.2d at 1356 (citations omitted).

In Waller v. Georgia, the United States Supreme Court adopted the following test for determining when the defendant's right to a public trial is outweighed by other considerations: 1) a party seeking to close a court proceeding must advance an overriding interest that is likely to be prejudiced; 2) the closure must be no broader than necessary to protect that interest; 3) the trial court must consider reasonable alternatives to closing the proceeding; and 4) it must make findings adequate to support the closure. 467 U.S. 39, 46; see also Bell v. Jarvis, 236 F.3d 149, 178 (4th Cir. 2000).

In support of this motion, the parties argue that recalling the details of the crimes in front of a group of disinterested peers will cause the minor victim in this case undue embarrassment, as well

---

[1] The Court has issued a separate Order in the related case, MC08-6420-S-EJL, addressing in greater detail the Media's motion for open court proceedings. The Court hereby expressly incorporates the reasoning of the Order filed in MC08-6420-S-EJL into this Order.

as psychological and possible physical harm.  (Dkt. No. 63, p. 6).  The parties point to affidavits

previously filed in this case.  (Dkt. No. 30).  The Court agrees.  The affidavits referenced to this

Stipulation include opinions of medical personnel who have interviewed and evaluated the minor

victim.[2]  These affidavits reflect that the minor victim suffers from ongoing overwhelming concerns

regarding this trial and the concerns of the treatment providers as to the re-exposure to the traumatic

events that her testimony will cause.[3]  The facts alleged in this case that will be revealed during the

testimony of the minor victim will relate to the multiple traumatic events experienced by the minor

victim when she was eight years of age including the homicide of several family members, the

abduction of she and her brother for several weeks during which time she and her brother were

sexually assaulted and exploited, and the eventual murder of her brother.  The Court also notes the

other factors which have caused additional stress to the victim including the ongoing health concerns

of the victim's father.  These concerns regarding the well-fare of the minor victim in this case are

undoubtedly compelling such as to warrant closing the courtroom in this case during her testimony.

In reaching this conclusion, the Court has considered other alternatives to closing the

courtroom including the various alternative forms of testimony for child witnesses outlined in 18

U.S.C. § 3509, the possibility of using alternatives such as devices to shield the victim from the

public or a limited closure of the courtroom to only certain individuals.  While these alternatives

may be useful in certain cases, the Court concludes that in this case, if the parties are unable to reach

an alternative to having the minor victim testify, her live testimony is necessary as she is the only

---

[2] The Court acknowledges that these affidavits and the allegations made therein are stipulated to only for the purpose of providing a basis upon which the Court can determine whether there are grounds upon which to justify closing the courtroom during the testimony of the minor victim in this case.  (Dkt. No. 63, p. 2).

[3] These affidavits are appropriately filed under seal as they relate to evidence that may be presented in this matter.  Unsealing of these documents would reveal evidence or potentially reveal inadmissible evidence that would jeopardize the interest in a fair and impartial trial.  There are no other less restrictive alternatives available at this time.

witness to most of the conduct alleged against Mr. Duncan.  While providing such testimony will undoubtedly be difficult, it may prove impossible where the courtroom contains members of the public and the Media who are not a party in this case.  As such, the Court finds that closing the courtroom during her testimony is appropriate.  Further, in light of Mr. Duncan's election to proceed *pro se*, the Court is now also considering allowing the minor victim to testify in a separate room by two-way live closed circuit television.  The Court will reserve its final decision on the use of a two-way live closed circuit television feed at this time.

The Court is sensitive to the public and the media's First Amendment rights and has considered these rights in determining whether to approve the parties' Stipulation.  See Globe Newspaper, 457 U.S. at 604-06.  The "circumstances under which the press and public can be barred from a criminal trial are limited; the State's justification in denying access must be a weighty one. Where, as in the present case, the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Id. (citations omitted).  In considering the circumstances of this case, the Court concludes that closing the courtroom during the testimony of the minor victim in order to safeguard the physical and psychological well-being of the witness in this case is a compelling one.

This case has received national attention in the public and by the media and will likely intensify when the sentencing hearing begins.  Much of this attention is focused on this minor victim and the testimony she will give.  Having considered the nature of the testimony, the age of the minor victim, and the comments of the medical professionals regarding the increasing stress the attention from this case has put on the minor victim; the Court finds that pursuant to 18 U.S.C. § 3509(e) the courtroom must be closed during the testimony of the minor victim.  The Court finds the compelling interests in closing the courtroom protect the minor victim from further harm and embarrassment

significantly outweighs interests to the contrary.  The minor victim not only has been dealing with

the stress of the events to which she will testify, but also must face the increasing unwanted attention

from her peers at school and the public in general.  The victim's fears regarding the coverage of her

testimony that is certain to occur is not mere speculation.  The Media attention of the related state

case was extensive and was focused in large part on this victim.  By closing the courtroom during

this witness' testimony and providing a written transcript of the same to the media is narrowly

tailored to best serve to protect the interests of the victim while still ensuring the public's First

Amendment rights are protected.  See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 512

(1984) ("the constitutional values sought to be protected by holding open proceedings may be

satisfied later by making a transcript of the closed proceedings available within a reasonable time.").

II.     Protective Order

The parties have also stipulated that the victim's full name and the contents of her testimony

should be protected pursuant to 18 U.S.C. § 3509(d), which states:

(d) Privacy protection.--

(1)      Confidentiality of information.--
         (A)     A person acting in a capacity described in subparagraph (B) in connection
                 with a criminal proceeding shall–

                 (I) keep all documents that disclose the name or any
                 other information concerning a child in a secure place
                 to which no person who does not have reason to know
                 their contents has access; and
                 (ii) disclose documents described in clause (I) or the
                 information in them that concerns a child only to persons
                 who, by reason of their participation in the proceeding, have
                 reason to know such information.

(B)     Subparagraph (A) applies to–

(I) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
(ii) employees of the court;
(iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
(iv) members of the jury.

(2)     Filing under seal.--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court--
(A)     the complete paper to be kept under seal; and

(B)     the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

(3)     Protective orders.--(A) On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

(B)     A protective order issued under subparagraph (A) may--

(I) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
(ii) provide for any other measures that may be necessary to protect the privacy of the child.

(4)     Disclosure of information.--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian *ad litem*, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

Specifically, the parties request that the victim be referred to by either S.G. or her first name.[4]  (Dkt.

No. 63).  The Court agrees that based on the foregoing, the well being of the minor victim requires

that only the minor victim's first name or initials S.G. be used in this case and that the requirements

of § 3509(d) shall be followed in this matter.

ORDER

IT IS THEREFORE ORDERED as follows:

1)      The Stipulation of the parties (Dkt. No. 63) is **GRANTED**.

       a)      The Courtroom will be closed during the testimony of the minor victim.

       b)      The minor victim will be referred to as either S.G. or by her first name.

       c)      All employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding; all employees of the court; the defendant and employees of the defendant, including the attorneys for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and members of the jury shall keep all documents that disclose the name or any other information concerning a minor in a secure place to which no person who does not have reason to know their contents has access; and disclose documents which contain the name or any other information concerning a minor or the information in them that concerns a minor only to persons who, by reason of their participation in the proceeding, have reason to know such information.

2)      The Motions for Protective Order (Dkt. Nos. 112, 171) are **GRANTED IN PART AND DENIED IN PART** as follows.

       a)      If the testimony of the minor victim is necessary, the minor victim will be allowed to have an adult attendant beside her while she is testifying.  The Government shall disclose the identity of the adult attendant on or before August 18, 2008.  The defense shall submit its proposed limiting instruction, as referenced in their response (Dkt. No. 159, p. 3), on or before August 18, 2008.

---

[4]  The parties' stipulation agrees to the use of the minor victim's first name.  However, the stipulation was filed some time ago and since then the parties have used the initials S.G. to refer to the minor victim.  Accordingly, the Court approves the use of both references but urges the parties to agree to the use of one or the other for consistency during these proceedings.

b) The minor victim shall be referred to as either S.G. or her first name and her personal information shall be precluded from public disclosure as directed in the above order granting Docket Number 63.

c) The courtroom shall be closed during the testimony of the minor victim.

d) The request for the testimony of the minor victim, if necessary, to be made by two-way live closed circuit television is **UNDER ADVISEMENT**.

e) A transcript of the testimony of the minor victim will be provided to the Media as soon as possible following the testimony.

The Clerk of the Court is directed to file this Order in the normal course and to serve the same upon all parties including the Court appointed Guardian *ad litem*.

DATED: **August 5, 2008**

Honorable Edward J. Lodge
U. S. District Judge