*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*TRACI J. WHELAN*
*WENDY J. OLSON*
*ASSISTANTS UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA IV, SUITE 600*
*800 PARK BOULEVARD*
*BOISE, IDAHO 83712-9902*
*TELEPHONE: (208) 334-1211*
*FAX: (208) 334-1038*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 07-023-N-EJL |
| Plaintiff, ) | |
| ) | UNITED STATES' MOTION TO |
| vs. ) | STRIKE STAND-BY COUNSEL'S |
| ) | NOTICE OF APPEAL |
| JOSEPH EDWARD DUNCAN, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The United States of America, through its undersigned counsel, moves this Court to strike the November 17, 2008, notice of appeal filed by stand-by counsel. The notice was not filed by the defendant. Rather, it was filed by stand-by counsel without the defendant's permission and not at his request. Stand-by counsel have no standing to separately file a notice of appeal in this case, and their doing so violates the defendant's Sixth Amendment right to counsel.

- 1 -

PROCEDURAL BACKGROUND

On July 28, 2008, this Court orally granted the defendant's motion to represent himself. On July 29, 2008, this Court issued a written order explaining its reasoning and clarifying the role of stand-by counsel in this case. At the conclusion of individual voir dire on Tuesday, August 12, 2008, stand-by counsel reminded the Court of certain pending motions, stating that "We have asked Mr. Duncan if he has any objection to us raising this with the Court, and he did not have an objection." Rough Draft Transcript, August 12, 2008, at 49. At no time did stand-by counsel or Mr. Duncan indicate that Mr. Duncan had requested that stand-by counsel inquire about the pending motions or that the request was made with his permission.

On Wednesday, August 13, 2008, after the Court read its eligibility phase opening instructions to the jurors who had been sworn and dismissed them until 1:30, stand-by counsel again addressed the Court, this time taking issue with the Court's order on pending motions from the day before. They further indicated that they wished to have a standing objection to the items of evidence set out in the pending motions in limine but that they would object to each individual item if necessary. Stand-by counsel stated "[w]e are asking the Court to recognize our objections as standing objections. . . . We are doing so on behalf of Mr. Duncan with his knowledge and with his nonobjection . . ." Rough Draft Transcript, August 13, 2008, a.m. proceedings, at 26. However, when the Court directly inquired of the defendant, he stated that he was not requesting that his stand-by counsel make any objections but that he was letting them do what they felt that they needed to do. This Court then told the defendant that stand-by counsel can't make any objections unless the defendant authorized them to do so. Id. at 28.

This Court subsequently entered an order prohibiting stand-by counsel from making objections or argument on the defendant's behalf absent the express direction or permission from the defendant. Docket No. 551, August 14, 2008.

On August 27, 2008, the jury returned verdicts recommending a sentence of death on each of Counts One, Five and Seven. 18 U.S.C. § 3593(e). This Court then imposed the death sentences as required under 18 U.S.C. § 3594. On November 3, 2008, this Court sentenced the defendant on the remaining seven counts of the indictment to which the defendant had pled guilty. The Court entered written judgments on the capital counts on November 3 and on the remaining aspects of sentencing on November 5. The Court entered an amended judgment on November 13, 2008.

On November 17, 2008, stand-by counsel filed a notice of appeal "for" the defendant. The notice was filed only by stand-by counsel. It was not signed by the defendant, nor, on its face, did it state that the defendant had authorized the notice of appeal.

## LEGAL ANALYSIS

The notice of appeal plainly was not authorized by the defendant and was not filed with his permission or at his consent. Neither this Court, nor any other court, has entered an order indicating that the defendant is no longer proceeding pro se, or that stand-by counsel have any ability to act on the defendant's behalf that they did not have during the capital sentencing hearing.

The Sixth Amendment ensures defendants a constitutional right to represent themselves and proceed pro se. Faretta v. California, 422 U.S. 806, 807 (1975) (encompassed within the constitutional right to effective assistance of counsel is the defendant's right to waive such assistance and proceed pro se). A defendant's Sixth Amendment right to waive counsel and conduct his own defense

> encompasses certain specific rights to have his voice heard. The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial.

McKaskle v. Wiggins, 465 U.S. 168, 174 (1984).  When the court appoints stand-by counsel, unsolicited by the defendant, the focus of a defendant's right to represent himself is on whether the defendant has a fair chance to present his case his own way.  United States v. Mills, 895 F.2d 897, 902 (2d Cir. 1990) (quoting Wiggins).  Faretta rights are not infringed when stand-by counsel assists a pro se defendant to overcome routine procedural or evidentiary obstacles that the pro se defendant clearly wishes to complete, or when stand-by counsel help to ensure a pro se defendant's compliance with basic rules of courtroom protocol or procedure.  Id. at 183.

The Sixth Amendment does not guarantee a defendant the right to proceed pro se on direct appeal of a criminal conviction.  Martinez v. Court of Appeal of Calif., 528 U.S. 152 (2000).  However, the Circuit Rules for the Ninth Circuit Court of Appeals provide that a defendant may represent himself on appeal if the defendant's request to proceed pro se and the waiver of his right to counsel are knowing, intelligent and unequivocal; if the defendant is apprised of the dangers and disadvantages of self-representation on appeal, and if self-representation would not undermine a just and orderly resolution of the appeal.  Ninth Circuit Rule 4-1(d).  Moreover, the Ninth Circuit Rules also provide that even in a case where a defendant is represented by appointed or retained counsel at the district court level, counsel may file a notice of appeal only when the defendant so requests.  See Ninth Circuit Rule 4-1(a) ("Counsel in criminal cases . . . shall ascertain whether the defendant wishes to appeal and file a notice of appeal upon the defendant's request.").  The decision to appeal is solely that of the defendant and cannot be made for him by counsel.  See Roe v. Flores-Ortega, 528 U.S. 470, 477-79 (2000) (defense counsel should consult with defendant regarding the decision to appeal and performs in a professionally unreasonable manner by failing to follow the defendant's express instruction about an appeal) (citations omitted).

The notice of appeal, by its plain language, establishes that it was filed by stand-by counsel, on their own, and not at the defendant's request. The notice states that it was filed "for" the defendant, not "by" the defendant. It provides no indication that Mr. Duncan either directed or gave his permission to file the appeal. To the contrary, the defendant informed Special Agent Mike Gneckow on November 13, 2008, that he does not intend to appeal, that his stand-by counsel had tried to pressure him into signing permission to appeal and that he believed that his stand-by counsel would try to file an appeal without his permission. Affidavit of Special Agent Mike Gneckow, para. 6-8, attached as Exhibit A. While Special Agent Gneckow was meeting with the defendant, an envelope was slid under the door. The defendant identified the envelope as a letter he had sent to this Court but that had been returned because it had the wrong address. Id., para. 6. The defendant told Special Agent Gneckow that the letter was to inform this Court that he did not want to appeal but that his attorneys were going to appeal anyway. Id., para. 7.

On November 18, 2008, Special Agent Gail Gneckow met with the defendant at the Ada County Jail. The defendant told Special Agent Gail Gneckow that he did not give stand-by counsel permission to file the appeal. Id., para. 9.

Stand-by counsel's conduct, like the conduct they engaged in during the capital sentencing hearing itself, violates the defendant's Sixth Amendment right to represent himself. Stand-by counsel's conduct takes actual control from the defendant and deprives him of an essential decision to be made in his case, the decision whether to appeal. Although the defendant has no constitutional right to represent himself on appeal, the notice of appeal itself is filed with the district court. Moreover, the United States is aware of no authority that permits stand-by counsel to separately appear in Court, file motions and take positions of their own choosing. They have no independent standing to do so.

Title 18, United States Code, Section 3595(a), provides that in a case where a death sentence is imposed, the sentence shall be subject to review by the court of appeals, *upon appeal by the defendant* [emphasis added].  Section 3595(a) further provides that the notice of appeal must be filed within the time specified for filing a notice of appeal.  Federal Rule of Appellate Procedure 4(b) provides that in a criminal case, a notice of appeal must be filed within ten days of the entry of judgment.  The United States well understands that the defendant has the right to appeal in this case, and seeks in no way to interfere with his right and ability to do so.  As the United States understands the Federal Rules of Appellate Procedure, the defendant himself can exercise his right to appeal by placing in the mail a notice of appeal on or before November 23, 2008.  Fed. R. App. Pro. 4(c)(1).  The United States objects only to stand-by counsel purporting to act "for" the defendant, without his permission and against his wishes.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court strike stand-by counsel's notice of appeal.

DATED this 19th day of November, 2008.

_____
/s/ THOMAS E. MOSS
United States Attorney

_____
/s/ Traci J. Whelan
Assistant United States Attorney

_____
/s/ Wendy J. Olson
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing United States' Motion to Strike Stand-by Counsel's Notice of Appeal was served on all parties named below this 19th day of November, 2008.

      ___ United States Mail, postage prepaid
       x  Hand delivery
      ___ Facsimile Transmission (fax)
      ___ Federal Express
       x  ECF Filing

      Joseph Edward Duncan, III, Inmate, Pro se
      Ada County Jail
      7210 Barrister Drive
      Boise, Idaho 83704

      Roger Peven
      Federal Defenders of Eastern Washington and Idaho
      10 North Post Street, Suite 700
      Spokane, Washington 99201

      Thomas Monaghan
      Federal Defender Services of Idaho
      Jefferson Place Building, Suite 300
      350 North 9th Street
      Boise, Idaho 83702

      Mark Larranaga
      Attorney at Law
      705 Second Ave., No. 405
      Seattle, Washington 98104

      Judy Clarke
      Federal Defenders of San Diego, Inc.
      225 Broadway, Suite 900
      San Diego, California 92101

      Stand-by Counsel for Joseph Edward Duncan, III

      /s/ Wendy J. Olson