Michael N. Burt
Law Office of Michael Burt
1000 Brannan Street, Suite 400
San Francisco, California 94103
Telephone: (415) 522-1508
Fax: (415) 522-1506

Randall P. Martin
Law Office of Randall P. Martin
1000 Brannan Street, Suite 400
San Francisco, California 94103
Telephone: (415) 655-4956
Fax: (415) 522-1506

Attorneys for Joseph Edward Duncan, III

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
(HONORABLE EDWARD J. LODGE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:07-CR-023-EJL |
| | ) | |
| | ) | **REQUEST TO FILE** |
| Plaintiff, | ) | **SUPPLEMENTAL BRIEF, AND** |
| | ) | **SUPPLEMENTAL BRIEF IN** |
| vs. | ) | **RESPONSE TO** |
| | ) | **GOVERNMENT'S POST-** |
| JOSEPH EDWARD DUNCAN, III, | ) | **HEARING REPLY BRIEF** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Joseph Edward Duncan, III, by and through counsel, hereby respectfully requests permission to file the following supplemental authorities and argument in response to the Government's reliance on excluded, inadmissible evidence in its claim of defense expert bias.

Supp. Post-hrg. Brief, 2:07-CR-023-EJL

In its post-hearing argument that this Court should discredit defense experts Merikangas, Gur, and Woods, the Government argues that "other courts have rejected these defense-retained experts' opinions in capital cases for several reasons, including bias and lack of credibility. [Citations omitted]." (Dkt. No. 840, at 15.)

This argument is improper and should be rejected. During the retrospective competency hearing, this Court correctly and consistently sustained defendant's Sixth Amendment confrontation and hearsay objections to repeated attempts by the Government to introduce such evidence. (RCHT 12:3069-3072 [Dr. Merikangas]; 15:3781-3782 [Dr. Gur]; 22:5820 [Dr. Woods].)

The Government is in effect asking this Court to take judicial notice of the factual findings of other courts in other cases. However, Federal Rule of Evidence 201(b) provides,

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

A court exceeds the limits of Rule 201 when it takes judicial notice of findings of fact from another case. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (emphasizing that such findings are "not facts not subject to reasonable dispute within the meaning of Rule 201"); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1047, 1081–83 (7th Cir. 1997) (holding that "courts generally

cannot take notice of findings from other proceedings for the truth asserted therein because these are disputable").

> Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.

*United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal citations omitted).

An unpublished Ninth Circuit decision, *Hurrell v. Barker* (*In re Barker*), 2009 Bankr. Lexis 4565 (9th Cir. BAP 2009), is also instructive on that rule. In that case, appellants sought to have the appellate court take judicial notice under Rule 201 of findings entered in another proceeding affecting the appellee's credibility.

> In effect, [appellant] Hurrells' request asks us to take judicial notice that the bankruptcy judge in the § 727(d) discharge revocation action found that Barkers made false and misleading statements in their bankruptcy schedules. In other words, via their request, Hurrells pray that we assume the findings entered in the other adversary proceeding to be correct). We decline this request.

*Id*. at 18.

The Ninth Circuit also noted that in a trial court (as opposed to a bankruptcy court), a request to take judicial notice of factual findings made by a court in another action would not be permitted.

*Id*.

This Court should again reject the Government's proffer of inadmissible hearsay opinion evidence and should give no weight to matters outside the record in deciding this case.[1]

DATED: September 9, 2013          RESPECTFULLY SUBMITTED,

/s/ Randall P. Martin
Randall P. Martin
Attorney for Joseph Edward Duncan, III


/s/ Michael N. Burt
Michael N. Burt
Attorney for Joseph Edward Duncan, III

---

[1] If this Court should decide otherwise, defendant respectfully asks the Court to discredit the testimony of Special Agent Mike Gneckow, whom this Court found had intentionally or with reckless disregard for the truth omitted information from a warrant application which "cast an incomplete picture of the individual and the surrounding circumstances such that the affidavit misrepresented the true nature of the situation and the [individual] himself." *Al-Kidd v. Gonzalez*, 2012, U.S. Dist. LEXIS 141025 (D. Idaho, Sept. 27, 2012). [Order Adopting Report and Recommendation, Case No. 1:05-cv-093-EJL-MHW (Dkt. No. 350).]

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2013, I filed the foregoing **REQUEST TO FILE SUPPLEMENTAL BRIEF, AND SUPPLEMENTAL BRIEF IN RESPONSE TO GOVERNMENT'S POST-HEARING REPLY BRIEF** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> Wendy J. Olson     Wendy.Olson@usdoj.gov
> United States Attorney
>
> Traci J. Whelan     Traci.Whelan@usdoj.gov
> Assistant United States Attorney
>
> Justin D. Whatcott   Justin.Whatcott@usdoj.gov
> Assistant United States Attorney
>
> C.J. Williams     CJ.Williams@usdoj.gov
> Assistant United States Attorney
>
> Michael N. Burt     mb@michaelburtlaw.com
> Counsel for defendant

/s/ Randall P. Martin