UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH EDWARD DUNCAN, III,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:17-cv-00091-EJL<br>2:07-cr-00023-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On March 22, 2019, the Court entered an order denying all but one of the claims in Petitioner Joseph Edward Duncan, III's Motion for Collateral Relief seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (CV Dkt. 43.)[1] The Court took under advisement Claim Nine challenging the constitutionality of the statute charged in Count Seven pending anticipated rulings from the Ninth Circuit and Supreme Court. After those rulings were entered, the parties filed additional briefing on the legal issue under advisement. (CV Dkt. 44-48.) The Court has considered the record in this case, the recent

---

[1] In this Order, "(CR )" is used when citing to the criminal case record (2:07-cr-00023-EJL) and "(CV )" is used to cite to the record in the civil case (2:17-cv-00091-EJL).

ORDER - 1

case law, and the parties' briefing and finds as follows as to Claim Nine of Petitioner's § 2255 Motion challenging the constitutionality of Count Seven.[2]

## DISCUSSION

Count Seven charged Duncan with Using a Firearm During and in Relation to a Crime of Violence Resulting in Death in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(B)(i), (j)(1). Specifically, Count Seven states:

> On or about May 16, 2005 and between July 2, 2005, in the District of Idaho, the defendant, JOSEPH EDWARD DUNCAN, III, did knowingly carry and use a firearm, to wit: a Browning Arms 12-gauge short-barreled shotgun, serial no. 751PR0681 . . . during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is the crimes alleged in Counts One and Two of this Indictment which are realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill D.G. by shooting him with the firearm willfully, deliberately, maliciously and with premeditation; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), (c)(1)(B) and (j)(1).

(CR Dkt. 1 at 4-5.) To be guilty of the charge requires that Duncan used a firearm during and in relation to a "crime of violence." 18 U.S.C. § 924 (c)(1)(A)(ii). Subsection 924(c)(3) defines a "crime of violence" to mean an offense that is a felony and –

> (A) has as element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[2] The underlying facts and procedural background need not be recited here as they are well known to the parties and the Court and have been stated throughout the record in this case. The Court's prior orders are all incorporated by reference here.

ORDER - 2

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The term "crime of violence" and, the similar term "violent felony," are used in several statutes to denominate certain sentencing-enhancing predicate offenses. Those terms have been the subject of several recent appellate decisions finding the so-called "residual clause" of those statutes to be void for vagueness. *See generally Plagued By Vagueness: The Effect of Johnson v. United States and the Constitutionality of 18 U.S.C. § 924(c)(3)(B)*, 54 No. 4 Crim. Law Bulletin ART 3 (Summer 2018); *see also Johnson v. United States*, 135 S.Ct. 2551 (2015) (invalidating the residual clause of the Armed Career Criminal Act, 28 U.S.C. § 922(e)(2)(B)(ii) for vagueness); *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (finding the definition of "crime of violence" in the Immigration and Nationality Act, 18 U.S.C. § 16(b), void for vagueness).

Most recently and applicable here, the Supreme Court applied the principles of *Johnson* and *Dimaya* to conclude that the residual clause in § 924(c)(3)(B) is also unconstitutionally vague. *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). Thus, Duncan's conviction and sentence on Count Seven in this case can stand only if there is a "crime of violence" under the elements clause in section 924(c)(3)(A).

To determine whether a specific conviction is a "crime of violence," the Court employs the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990) and *Descamps v. United States*, 570 U.S. 254 (2013). *See United States v. Begay*, 934 F.3d

ORDER - 3

1033, 1038 (9th Cir. 2019). Under the categorical approach, the court does not look to the facts underlying the conviction, but, instead, compares "the elements of the statute forming the basis of the defendant's conviction with the elements of a 'crime of violence.'" *Id.* (quoting *Descamps*, 570 U.S. at 257); *see also United States v. Sahagun–Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition"—here, the definition of "crime of violence" set forth in section 924(c)(3).).

"The defendant's crime cannot be a categorical 'crime of violence' if the conduct proscribed by the statute of conviction is broader than the conduct encompassed by the statutory definition of a 'crime of violence.'" *Begay*, 934 F.3d at 1038. To find an offense overbroad, there must be a "realistic probability, not a theoretical possibility," that the statute would be applied to conduct not encompassed by the generic federal definition. *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007); *accord United States v. McGuire*, 706 F.3d 1333, 1337 (11th Cir. 2013) (applying the "realistic probability" standard to a crime of violence determination under section 924(c)(3)). "Crimes of violence," as defined in § 924(c), requires purposeful conduct, i.e., an intentional use of force. *Begay*, 934 F.3d at 1039.

**1. Kidnapping is Not a Crime of Violence**

The federal kidnapping statute provides, in relevant part:

ORDER - 4

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof . . . shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a).

Kidnapping, as charged in Count Two, is not a crime of violence under § 924(c)'s elements clause. *See Davis*, 139 S.Ct. at 2336; *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) ("The federal kidnapping statute has no force requirement"). Under the current state of the law, generic, non-capital kidnapping resulting in death is also not a crime of violence under § 924(c)'s elements clause. *See United States v. Begay*, 934 F.3d 1033, 1038-40 (9th Cir. 2019) (holding a crime of violence requires the intentional use of force and reckless conduct is not sufficient to qualify as a crime of violence).[3]

The Government maintains, however, that Count Seven is a crime of violence because *capital* kidnapping resulting in death, coupled with jury's findings of an intentional use force, eliminate any "*Begay* problem" as to the requisite intent requirement. (CV Dkt. 48.) The Government argues that as part of Count Seven, Duncan admitted to and the jury independently found that Duncan used intentional force in the commission of the crime of capital kidnapping resulting in death and premeditated murder, both of which are crimes

---

[3] The Government contends *Begay* is wrongly decided and that kidnapping resulting in death should qualify as a crime of violence. (CV Dkt. 48.)

of violence under the elements clause of § 924(c)(3)(A). (CV Dkts. 45, 48.)[4] Duncan disagrees, arguing the Government has not proven that kidnappings resulting in death satisfies the elements clause of § 924(c)(3)(A) because the crime does not have as an element the use, attempted use, or threatened use of physical force against the person of another. (CV Dkt. 46.) Duncan maintains the kidnapping statute, 18 U.S.C. § 1201(a), does not require physical force as an element and the language stating "if the death of any person results" is a sentencing enhancement, not an element of the crime.

Based on the current appellate court rulings concluding § 1201(a) can be violated without the "use, attempted use, or threatened use of physical force against the person or property of another," the kidnapping charges in both Counts One and Two do not qualify as crimes of violence under § 924(c)(3)(A). The Court does not reach this conclusion lightly, particularly given the horrific facts of this case. The Government's argument that

---

[4] Duncan points out this argument is contradictory to the Government's arguments made in its response briefs. *See e.g.*, (CV Dkt. 34 at 110, n. 36) ("Duncan is correct that the other definition of 'crime of violence' in § 924(c)(3), the elements clause, does not apply. The two predicate crimes can be accomplished, at least in theory, without the use of force."); (CV Dkt. 42) (advocating for a case-specific approach to § 924(c)(3)(B) as opposed to categorical approach). The Court finds the Government has not waived or conceded the position taken in its most recent briefing on this issue. Notably, the Government raised the argument that Count Seven's inclusion of first-degree murder qualifies it as a crime of violence throughout its briefing. (CV Dkt. 34 at 119-120) (CV Dkt. 42 at 9-10.) Moreover, the appellate courts recently published rulings regarding this legal issue that the Government and Petitioner have both addressed in supplemental briefing. It is, therefore, appropriate for the Court to consider the Government's arguments applying the most recent appellate rulings. The Court further finds there is no prejudice to Duncan in doing so because Duncan has had the opportunity to respond in full to the Government's arguments. (CV Dkts. 37, 41, 46.)

Duncan's admissions and the jury's findings in this capital case solve the "*Begay* problem," ask the Court to do that which it is precluded from doing under the arbitrary constraints of the categorical approach, and to look at the facts in the underlying record to determine whether it is a crime of violence. Binding precedent, however, requires that the Court apply the categorical approach and artificially close its eyes to Duncan's actual conduct in deciding whether a § 1201(a) kidnapping is a crime of violence; i.e., that it can be committed without the use, threatened use, or attempted use of physical force.

In making that determination, the Court is likewise bound by the appellate courts' strained findings that in the categorical approach's artificial view, the crime of kidnapping can be committed without using physical force. *See e.g.*, *United States v. Khamnivong*, 779 Fed. Appx. 482, 484 (9th Cir. 2019) (finding that kidnapping is not a crime of violence under the force clause of § 924(c)(1)(A)); *Delgado-Hernandez*, 697 F.3d at 1130 ("The federal kidnapping statute has no force requirement."); *United States v. Gillis*, 938 F.3d 1181, 1209 (11th Cir. 2019) (citing circuit cases finding § 1201(a) can be violated without the use of physical force). The same holds true for the crime of kidnapping resulting in death. As such, neither of the kidnapping charges in Counts One or Two are categorically crimes of violence under § 924(c)(3)(A).

**2.     First-Degree Murder is a Crime of Violence**

The Government argues Count Seven charged Duncan with violating § 924(c) as well as § 924(j) and included conduct meeting the definition of first-degree murder under

18 U.S.C. § 1111(a), which, the Government argues, is a crime of violence. In response, Duncan asserts he was not charged with, did not plead guilty to, nor is there jurisdiction for a charge of murder under § 1111. (CV Dkt. 46.)

The Government was not required to charge Duncan with the underlying crime of first-degree murder, in order to charge him in Count Seven with violating § 924(j) predicated on his having committed first-degree murder. "[A] defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests that he must be charged with and convicted of the underlying offense." *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989). Here, as discussed more below and in the Court's prior orders, Duncan fully, knowingly, voluntarily, and unequivocally admitted to the facts and elements necessary to prove he committed first-degree murder. (CR Dkts. 188, 189, 204.)

Further, there is no violation of the Fifth Amendment or any constructive amendment to the charge in the Indictment in this case. "The grand jury requirement of the Fifth Amendment provides that '[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'" *United States v. Mickey*, 897 F.3d 1173, 1182 (9th Cir. 2018) (quoting U.S. CONST. AMEND. V). "[T]he crime and the elements of the offense that sustain the conviction [must be] fully and clearly set out in the indictment." *Id.* (quoting *United States v. Miller*, 471 U.S. 130, 136 (1985)). A constructive amendment violating the Fifth Amendment occurs when "the

charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *Id.* at 1182-83 (quoting *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017). The indictment in this case fully and clearly sets for the crimes and the elements of those crimes in each count of the Indictment, including Count Seven. (CR Dkt. 1.) There has been no alteration in any form to the charging terms of the Indictment in this case. Again, Duncan fully, knowingly, voluntarily, and unequivocally admitted to the facts and elements of each charge as stated in the Indictment. (CR Dkts. 188, 189, 204.)

The Court now turns to the question of whether the allegation of first-degree murder in Count Seven states a crime of violence.

While the categorical approach constrains the Court to look only at the statute of conviction to determine whether the offense is a crime of violence, where, as here, the statute is overbroad and divisible, the Court may use the modified categorical approach to determine which statutory phrase formed the basis for the defendant's conviction. *Descamps*, 570 U.S. at 263. Under the modified categorical approach, the Court determines "whether the facts proven at trial or admitted by the defendant as part of his guilty plea establish that the defendant was convicted of all the elements of the relevant federal generic offense." *Torre-Jimenez*, 771 F.3d at 1167 (quoting *Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014–15 (9th Cir. 2012)). For a plea, the Court looks to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and

defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

In this case, Count Seven of the Indictment charged Duncan with violating not only § 924(c), but also § 924(j) which is a separate and discrete crime. *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1059-60 (10th Cir. 2018) (discussing *United States v. Julian*, 633 F.3d 1250, 1254-55 (11th Cir. 2011)). Section 924(j) requires a separate and distinct finding that the defendant committed conduct meeting § 1111's definition of murder. That distinct finding is an element of the § 924(j) charge because it carries a different punishment from the § 924(c) charge, namely it increases the potential penalty to death. Section 1111, in turn, defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Malice aforethought includes four mental states: "(1) intent to kill; (2) intent to do serious bodily injury; (3) depraved heart (i.e. reckless indifference); and (4) intent to commit a felony." *Begay*, 934 F.3d at 1040 (quoting *United States v. Pineda-Doval*, 614 F.3d 1019, 1038 (9th Cir. 2010)). "First-degree murder requires an additional element; the killing must either be 'willful, deliberate, malicious, and premeditated,' or be committed in the course of perpetrating one of the serious felonies listed in § 1111. 'Any other murder is murder in the second degree.'" *Pineda-Doval*, 614 F.3d at 1037 (9th Cir. 2010) (quoting 18 U.S.C. § 1111).

The statute, therefore, is divisible because it criminalizes multiple acts in the alternative, thereby defining multiple crimes. Divisibility depends on whether a statute's "listed items are elements or means." *Mathis v. United States*, 136 S.Ct. 2243, 2256 (2016). If they are elements, the statute is divisible. *Id.* Statutory alternatives that carry different punishments are elements. *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). On the other hand, if the statutory list offers only "illustrative examples, then it includes only a crime's means of commission." *Id.* (internal quotation marks omitted). Where the statute is divisible, the court may therefore look to the "*Shepard* documents" to "discover what the prosecutor included as elements of the crime and to what elements the petitioner pleaded guilty." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 479 (9th Cir. 2016).

Here, Count Seven states, in relevant part, that in the course of violating § 924(c)(1), Duncan "cause[d] the death of a person through the use of a firearm, which killing is a murder as defined in [18 U.S.C.] § 1111, in that [Duncan], with malice aforethought, did unlawfully kill D.G. by shooting him with the firearm *willfully, deliberately, maliciously and with premeditation*" in violation of § 924(j)(1). (CR Dkt. 1 at 4-5) (emphasis added). Thus, Count Seven expressly charged Duncan with conduct meeting the definition of first-degree murder which is categorically a crime of violence. 18 U.S.C. § 1111(a) (Any willful, deliberate, malicious, and premeditated killing, is murder in the first degree); *Pineda-Doval*, 614 F.3d at 1037. That is to say, Count Seven charged Duncan with the intentional use of physically violent force against another. Moreover, Duncan unequivocally plead

guilty to all of the counts in the Indictment. Specifically, Duncan plead guilty to Count Seven with full knowledge that it included, as an element, that during the course of the crime, Duncan caused the death of D.G. through the use of a firearm, which killing was first-degree murder as defined by § 1111 and that Duncan did so with malice aforethought by unlawfully killing D.G. by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation. (CR Dkts. 188, 189, 204.) Count Seven is therefore categorically a crime of violence under the most recent case law requiring the intentional and purposeful use of force. *See Begay*, 934 F.3d at 1038-40. Duncan's conviction under Count Seven is therefore valid and Claim Nine of Petitioner's Motion is denied.

3.  **The Certificate of Appealability**

Duncan cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such a showing has been made in this case as to Claim Nine. The facts in this case are indisputable and the Petitioner's admissions remove any doubt concerning the same. Justice delayed under these

circumstances would result in justice being denied. Therefore, the Court respectfully denies the certificate of appealability. 28 U.S.C. § 2253(c)(2).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (CV Dkts. 1, 4) is **DENIED**.

IT IS FURTHER ORDERED that the Certificate of Appealability is **DENIED**.

Dated: **November 15, 2019**

Honorable Edward J. Lodge
United States District Judge